In the Matter of RICHARD W. KING, Respondent, *v.* HERMAN SAPIER, as Superintendent of the State Agricultural and Industrial School for Boys, et al., Appellants.

Fourth Department, March 6, 1975.

~ *Louis J. Lefkowitz, Attorney-General (John Q. Driscoll* and *Ruth Kessler Toch* of counsel), for appellants.

*Culley, Marks, Corbett, Tanenbaum, Reifsteck & Potter (Gerard F. Norton, Jr.,* of counsel), for respondent.

DEL VECCHIO, J. The sole question raised on this appeal is whether written notice of termination of employment — as contrasted with notice of unsatisfactory service — satisfies the requirement of subdivision (i) of section 4.5 of the Rules and Regulations of the Department of Civil Service (4 NYCRR 4.5 [i]) with respect to notice to a probationer whose services are to be terminated.

It is agreed by the parties that on September 17, 1969 petitioner was appointed from an eligible list to a position as Senior Institution Teacher at the State School for Boys at Industry, New York. While still serving in his probationary period, on December 10, 1971 he received written notice from respondent Director of Education that his services were being terminated at the close of day on December 31, 1971.

Petitioner subsequently instituted this proceeding pursuant to CPLR article 78 for an order annulling his dismissal, on the ground that the notice of termination delivered to him was insufficient and invalid, contending that subdivision (i) of section 4.5 of the Rules and Regulations of the Department of Civil Service requires written notice to a probationary employee that his services are being terminated *for unsatisfactory service.* When respondents pleaded that the notice given petitioner was sufficient and asserted that he had in fact been orally advised at the time the notice was delivered to him that his services were being terminated due to a poor attendance record, which assertion petitioner denied, Special Term directed a jury trial of the factual issue whether petitioner had been told the reason for

his termination. In making that direction the court concluded that the Civil Service Department's rules required "notice of unsatisfactory performance as opposed to notice of termination", but that an oral explanation of the reason for the termination at the time the notice of termination was delivered would constitute substantial compliance with the requirement.

After the jury returned a verdict determining that at the time of delivery of the notice petitioner had not been told the reason for his termination, a judgment was granted restoring petitioner to his position and awarding mitigated damages for wages lost during the period of his dismissal.

Respondents have appealed from the final judgment and seek review of the intermediate order, contending that it was error to submit to the jury the question of oral notification to petitioner of the reason for his discharge and that the written notice of termination, concededly delivered to him more than one week prior to the date of termination, was legally sufficient.

With those contentions we agree. The rule has been long established and repeatedly stated that the employment of a probationary appointee may be terminated without specific reasons being given, without charges filed and without a hearing (*Matter of Matsa* v. *Wallach,* 42 A D 2d 1004, affd. on memorandum at Appellate Division 34 N Y 2d 891; *Matter of Gordon* v. *State Univ. of N. Y.,* 35 A D 2d 868, affd. 29 N Y 2d 684; *Matter of Going* v. *Kennedy,* 5 A D 2d 173, affd. 5 N Y 2d 900; *Matter of Ramos* v. *Department of Mental Hygiene,* 34 A D 2d 925; *Matter of Voll* v. *Helbing,* 256 App. Div. 44, app. dsmd. 294 N. Y. 653). Judicial review of such a termination is limited to an inquiry as to whether it was made in bad faith and was therefore arbitrary and capricious. Evidence in the record supporting the conclusion that performance was unsatisfactory establishes that the discharge was made in good faith (*Matter of Matsa* v. *Wallach, supra;* *Matter of Smith* v. *Chambers,* 32 A D 2d 949, affd. 26 N Y 2d 876).

With the law thus firmly settled, we conclude that petitioner was not entitled to notice of the reason of termination of his probationary appointment unless a right to such a statement is clearly conferred by statute or by rules promulgated by the State Civil Service Commission, which of course have the force and effect of law (Civil Service Law, § 6, subd. 1).

In our view, subdivision (i) of section 4.5 of the Rules and Regulations of the Department of Civil Service does not accomplish that result by its provision that " A probationer whose services are to be terminated for unsatisfactory service shall

receive written notice at least one week prior to such termination and, upon request, shall be granted an interview with the appointing authority or his representative." The notice mandated by this rule is notice of termination, not notice that service is unsatisfactory. Advance warning of impending discharge — however short — may very well be useful to the employee in planning adjustments in his life necessitated by the termination of employment, and the inclusion of such a requirement in the department rules is entirely understandable. By contrast, there is little justification for expanding the notice requirement to include notice of unsatisfactory performance when, in the status which he then occupies, the probationer may not compel the appointing authority to justify the termination. Full opportunity for communication to the employee of the basis for the discharge is provided by the mandate that the employee shall have an interview with the appointing officer if he so desires. Further, the requirement contained in the same subdivision of section 4.5 that his supervisor shall "from time to time during the probationary term, advise the probationer of his status and progress" will usually insure that the probationer shall have had warning that his services are not satisfactory, in advance of the decision to terminate his employment and at a time when such advice may be useful to him in suggesting a modification of his conduct or performance.

The cases of *Matter of Covelli* v. *Luger* (37 A D 2d 1042) and *Matter of Rosenberg* v. *Wickham* (36 A D 2d 881), relied on by petitioner and by Special Term, are distinguishable. In neither of those instances, unlike the present case, had the probationer been given a full week's notice of termination; the courts found however that the giving of notice that service was unsatisfactory more than a week before discharge, coupled with short notice of termination, constituted *substantial but not strict and technical compliance* with section 4.5 of the Civil Service Department's Rules and Regulations. In the present case, the compliance with the notice requirement was actual.

There being no issue of fact to be determined, it was error to have submitted the case to the jury and the petition should have been dismissed on the law (*Matter of Smith* v. *Chambers*, 32 A D 2d 949, affd. 26 N Y 2d 876, *supra*).

The petition should be dismissed without costs.

MARSH, P. J., MOULE, CARDAMONE and MAHONEY, JJ., concur.

Judgment unanimously reversed on the law without costs and petition dismissed.