■ ALFRED DE SALVO, Appellant, v LAWRENCE C. KOLB, as Commissioner of the New York State Department of Mental Hygiene, et al., Respondents. —Appeal from a judgment of the Supreme Court at Special Term, entered July 9, 1975 in Schenectady County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents (1) to reinstate petitioner to a position as motor vehicle operator for the Department of Mental Hygiene at its Wilton State School facility, (2)·to pay petitioner a salary as a motor vehicle operator, grade 7, from March 26, 1975 and (3) to appoint petitioner to a permanent position as a motor vehicle operator for the respondent New York State Department of Mental Hygiene. On November 21, 1974 respondent, New York State Department of Mental Hygiene, Wilton Development Center, gave petitioner.a temporary appointment to the position of Motor Vehicle Operator, Grade 7. On February 13, 1975 petitioner was given a permanent appointment to the same position, subject to the usual probationary period from 8 to 26 weeks. Petitioner worked as a motor vehicle operator after the first week of employment until February 28, 1975 when he was reassigned to work on the grounds crew. Petitioner's employment was terminated at the conclusion of his probationary period. On this appeal petitioner claims the respondents cannot dismiss him from his position as motor vehicle operator at the end of his probationary period without affording him the opportunity to perform the duties of the position for the period of his probation. We disagree. Employment of a probationary appointee may be terminated without specific reasons being given, without charges filed and without a hearing and "Judicial review of such a termination is limited to an inquiry as to whether it was made in bad faith and was therefore arbitrary and capricious." (Matter of King v Sapier, 47 AD2d 114, 116, affd 38 NY2d 960.) The respondents were not confined to rating the probationary work of petitioner, but could investigate his past record to determine capability and fitness to operate motor vehicles (Matter of Going v Kennedy, 5 AD2d 173, affd 5 NY2d 900). Prior to the time petitioner was reassigned to the grounds crew, he was involved in two accidents while driving respondents' vehicles, and respondents had received complaints from members of respondents' staff concerning the manner petitioner operated buses in which complainants rode. These incidents and petitioner's failure to pass his first physical examination prompted respondents to make a more thorough investigation of petitioner's two accidents while working for respondents and his prior employment record as an operator of motor vehicles. We conclude from our examination of the record that a finding that the determination to reassign petitioner to the grounds crew and to terminate his employment at the end of the probationary period was arbitrary and capricious and made in bad faith cannot be made or sustained. Respondents cannot be compelled to subject members of its staff to the hazards of petitioner's driving for the entire probationary period after respondents satisfied themselves in good faith that petitioner was not qualified for the position. Judgment affirmed, without costs. Koreman, P. J., Kane, Mahoney, Herlihy and Reynolds, JJ., concur.