■ In the Matter of JOHN HOLBROOK, Appellant-Respondent, v STATE INSURANCE FUND et al., Respondents-Appellants. — Judgment, Supreme Court, New York County, entered June 17, 1980, granting petitioner reinstatement, for a further 12-week probationary period, as an associate attorney with the State Insurance Fund during which time he is to be observed by persons legally entitled to do so, unanimously reversed, on the law, without costs, and the petition dismissed. On June 7, 1979 petitioner was appointed an associate

attorney for the State Insurance Fund and assigned to serve in the third-party division in a supervisory capacity. The appointment was conditioned upon satisfactory completion of a 12-week probationary period. On August 20, 1979 the fund's director of administration advised petitioner he would be terminated effective August 29, 1979. Believing factors other than job performance underlay his discharge, petitioner initiated this CPLR article 78 proceeding and Special Term concluded petitioner had not been afforded a fair probationary period, as he had been rated under "emergency conditions" and because confusion existed as to petitioner's job title for, unlike other division heads, he was subject to supervision by a fellow division head. At the outset we note petitioner did not charge below that his rating occurred in the midst of an emergency state of affairs. Moreover, the fact he was evaluated at a time when the fund was severely backlogged and understaffed, conditions which in this belt tightening era are familiar, and usual to the fund, does not warrant finding emergency conditions prevailed. Also lacking in substance is the suggestion that confusion existed as to petitioner's duties. Both prior to and following his appointment he was advised as to his responsibilities and the level of performance he was expected to attain. Nor do we see any impropriety in respondents' action in placing the fund's former, and experienced, third-party division head in a supervisory capacity over petitioner during the probationary period or in the fact that his termination was effected by the director of administration. On the issue of whether petitioner's terminaton was prompted by unsatisfactory performance or, as he claims, because he uncovered and reported his immediate supervisor's poor management practices, petitioner's three supervisors detailed the specific acts which they maintain justified his dismissal. They declare, among other things, his conduct towards his peers and subordinates engendered hostility and in one instance even emotional stress, that he failed to follow fund policy respecting the routing and handling of legal department mail causing unnecessary delay in the distribution of important litigation mail and that he took upon himself the task of reviewing the operations of the legal department, thus diverting sorely needed time and energy from the work priorities his superiors had established for him. Since petitioner in his reply affidavit virtually confirms these observations, there was clearly ample rational justification for his termination. Concur — Murphy, P. J., Kupferman, Birns, Lupiano and Yesawich, JJ.