■ In the Matter of FRED FISCHER et al., Respondents, v THOMAS F. ROCHE, as Personnel Director of the City of New York, et al., Appellants. — Judgment, Supreme Court, New York County, entered November 20, 1979, which granted the CPLR article 78 application in the nature of mandamus of petitioners-respondents (Fischer, Levine and Missailidis) and directed respondents-appellants Thomas F. Roche, Personnel Director of the City of New York (Director), and Robert J. McGuire, Police Commissioner of the City of New York (Commissioner), to change the effective dates of promotion of petitioners to the rank of Captain in the New York City Police Department from the dates of actual appointment in 1977 to August 16, 1974 for all relevant purposes, reversed, on the law, and petition dismissed, without costs. Order, Supreme Court, New York County, entered September 13, 1978, which denied a cross motion to dismiss made by the Director and the Commissioner on the grounds of *res judicata* and untimeliness, affirmed, without costs. The three petitioners took a promotion examination for the title of Captain in the New York City Police Department (PE 1506). The passing grade on the written test was set at 74.4. None of them achieved such a grade and therefore they were not included in the "eligibles" list for PE 1506. Subsequently, in another action involving the same promotion examination, *Matter of Culley v Bronstein,* Supreme Court, New York County (Kapelman, J.), entered an order on November 8, 1972 incorporating a stipulation of settlement lowering the passing grade for the written portion of PE 1506 to 70.5. Those candidates who had scored over 70.5 but less than 74.4 on the written portion of the examination, such as Fischer and Missailidis, and whose names, therefore, had not been placed on the eligibles list, would be placed on a supplementary eligibles list. This *Culley* order further provided that "eligibles appointed from the supplemental list shall not be entitled, as a result of the implementation of any of the terms or conditions of this stipulation, to retroactivity, for any purpose, for any period prior to the effective date of such appointment". Levine, who was not included in the supplementary eligibles list because his written test grade was less than 70.5, was a petitioner in *Matter of Lydon v Bronstein* (Supreme Ct, New York County) seeking credit for alternate answers. On August 11, 1972, an interim order was entered in *Lydon* providing, *inter alia,* that in the event of a rerating of PE 1506 the effective date of the promotion of any petitioner pursuant thereto, for all purposes except back pay, shall be the same as the closest promoted candidate in rating on the final PE 1506 eligible list. Judgment was entered in *Lydon* on May 23, 1975 granting credit for alternative answers to three questions and

directing that the papers of all candidates, including those on the *Culley* list, be rerated and that "one integrated list of successful candidates shall be created with candidates being placed thereon in their competitive positions". While the interim order was referred to in the recital paragraph, the terms were not specifically enumerated in the judgment. All three of the petitioners benefited from this rerating. Levine as a result achieved a passing grade, and Fischer and Missailidis received additional credit. All three were placed on the revised supplementary eligibles list. Subsequent to the final order in *Lydon,* Fischer, while still a Lieutenant, brought on an article 78 proceeding *(Matter of Fischer v Civil Serv. Comm.),* seeking a judgment immediately promoting him to Captain and staying promotion of other candidates until he was so promoted. Supreme Court, New York County, dismissed the petition, holding that, although the claim was based on the *Lydon* rerating order, Fischer was barred by the order and stipulation against retroactivity in *Culley.* Missailidis similarly, while still a Lieutenant, brought on an article 78 proceeding *(Matter of Missailidis v D'Ambrose),* for an immediate promotion and retroactive benefits. Supreme Court, New York County, dismissed the petition, holding that petitioner, by a collateral proceeding, could not obtain advantages denied others similarly situated who were bound by *Matter of Culley.* On July 1, 1977, Missailidis and Levine were promoted to Captain. Fischer was promoted to Captain on November 23, 1977. Each of the three petitioners thereafter wrote to the Director requesting that the date of his promotion to Captain be changed from the actual date of promotion to August 16, 1974, on the ground that their positions on the revised supplementary list placed them ahead of others promoted on that date and also that the promotion dates of two other Captains, Slattery and Calandrillo, had previously been adjusted under similar circumstances. The office of the Director wrote to each petitioner (to Missailidis, Oct. 17, 1977; Levine, Nov. 3, 1977; and Fischer, Jan. 19, 1978) declining to act on his request, on the grounds, as to Fischer and Missailidis, that they were bound by the prior determination of their individual article 78 proceedings, and as to all three petitioners, that they were bound by the order and stipulation in *Culley* foreclosing retroactivity. The Director further stated that the grant of retroactive seniority to Captains Slattery and Calandrillo was in error. This proceeding was commenced on May 4, 1978. Respondents-appellants cross-moved to dismiss the petition on the grounds that the proceeding was time barred as to Levine and Missailidis, because it was outside the four-month Statute of Limitations (CPLR 217), and that Fischer and Missailidis were barred by the doctrine of *res judicata,* because of the dismissal of their prior proceedings seeking promotion. Special Term correctly denied the cross motion to dismiss. Before commencing a proceeding in the nature of mandamus it is necessary to make a demand and await a refusal, and the Statute of Limitations does not run out until four months after the refusal (CPLR 217; *Austin v Board of Higher Educ. of City of N. Y.,* 5 NY2d 430, 442). The refusal must be clear and explicit, and any ambiguity created by a public body should be resolved against it *(Matter of Castaways Motel v Schuyler,* 24 NY2d 120, 126-127; *City of New York v State of New York,* 40 NY2d 659, 670). The replies to the letters sent by Missailidis and Levine were not clear refusals. In the case of Missailidis the reply made reference to his prior article 78 proceeding which sought promotion rather than a change in the date of promotion, different relief from that now sought. The letter to Levine stated that he was a party to the *Culley* proceeding, which was not the case. Both letters were based on erroneous premises, and neither contained a refusal to change the date of

promotion. The prior proceedings of Fischer and Missailidis were not *res judicata* because different relief was sought and there was no adjudication of the rights of those petitioners to have their promotion dates adjusted. Petitioners' arguments for relief are primarily based upon the interim order in *Lydon,* dated August 11, 1972, which was entered before the hearing and report of the Official Referee and almost three years before the final judgment of May 23, 1975. The judgment did not refer to said interim order, other than in the opening recitals. That order provided that, in the event the written test papers on PE 1506 shall be rerated, respondents shall upon "the promotion of any petitioner ... establish as the effective date of his promotion for all purposes, including but not limited to increments, vacation and security, except for back pay, the promotion of that candidate promoted to P.D. Captain whose position on the final PE 1506 eligible list is next closest to the position thereon of the petitioner who has been promoted as aforesaid". However that interim order further provided: "ORDERED, that the instant order shall not be deemed to be a finding or determination on the merits of the instant proceeding; and it is further ORDERED, that the instant order shall not impair or interfere with the right or authority of any court which shall render a final order or judgment herein to provide in such final order or judgment such relief or other disposition as shall be appropriate in accordance with the facts and the law as they shall be found and determined by such court; and it is further ORDERED, that nothing herein contained shall be deemed to constitute a reservation of jurisdiction by Mr. Justice WILLIAM KAPELMAN of this proceeding for any purpose other than the decision and disposition of the instant motion for interim relief and the pending motion by petitioners for discovery and inspection." It is also noted that the final order in *Culley,* proscribing retroactivity regarding the candidates who had taken PE 1506, was entered only three months after the interim order in *Lydon,* and by the same Justice. It therefore appears that the interim order in *Lydon* was merely the disposition of a motion for interim relief, and was not incorporated into the final order. The order of Special Term, dated September 5, 1979, in granting relief to petitioners, read the final judgment in *Lydon* as something apart from the stipulation and order in the *Culley* proceeding. We must disagree. While the *Lydon* judgment does not specifically incorporate *Culley* in its direction to rerate PE 1506 by affording credit for alternate answers, it states that: "rerating of the papers of all candidates including those on the *Culley* list shall take place, and that no candidate who achieved a passing grade pursuant to the order of this Court in the *Culley* matter may be declared by the Civil Service Commission as a failing candidate as a result of the impending rerating process". In our view, this language indicates an implied incorporation of the *Culley* order (including the ban on retroactivity) as the prime importance of the *Lydon* judgment for petitioners was to achieve credit for several alternate answers, so as to cause a rerating and bring them up to the 70.5 passing score provided for in the *Culley* order. None of our petitioners would have attained the original 74.4 passing grade, but relied upon *Culley's* lowering of that passing grade. Fischer, Missailidis and Levine each took advantage of the implementation of the terms of the *Culley* stipulation and order and would not now be here otherwise. They may not seek the advantage of a term of that order while selectively ignoring a condition, i.e., the bar to retroactivity. Lastly, petitioners claim a denial of equal protection of the laws due to the administrative errors in changing the promotion dates of Captain Calandrillo and Slattery. Those errors do not create a classification which would mandate equivalency. Concur — Murphy, P.J., Birns, Carro and Bloom, JJ.

Kupferman, J., concurs in part and dissents in part in a memorandum as follows: We are all agreed that the order entered September 13, 1978, which denied the cross motion to dismiss, should be affirmed. The basis for that order as stated by the Judge at Special Term was that "there has never been an adjudication of the rights of those petitioners, *as captains,* to have their promotion dates pushed back." (Italics added.) There cannot be selective enforcement of a stipulation. *(Matter of Abrams v Bronstein,* 33 NY2d 488, 492.) Moreover, considering the subsequent proceedings, the original stipulation was superseded. The petitioners do not seek back pay but merely standing, and accordingly I would affirm the judgment entered November 20, 1979.