■ In the Matter of JEROME R. JOHNSON, Appellant, v ZYGMOND L. SLEZAK, as Commissioner of the Office of Mental Retardation and Developmental Disabilities, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Torraca, J.), entered October 22, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking reinstatement as Deputy Director for Institution Administration at Craig Developmental Center or, in the alternative, requesting an order rescinding the decision of the Grievance Appeals Board of the Office of Employee Relations and requiring that a hearing be conducted. Petitioner, while a permanent employee with the New York State Home for Veterans, was appointed to the noncompetitive position of Deputy Director for Institution Administration (DDIA) at Craig Developmental Center in August of 1981. A letter confirming the appointment stated that the appointment, initially as a grade 31 position, would be elevated to a grade 35 after six months, absent adverse evaluation. At the time petitioner was appointed, respondents requested the Department of Civil Service to change the status of this position from "permanent" to "temporary". After six months on the job petitioner was evaluated and received a rating of unsatisfactory. The probationary period was continued but petitioner was ultimately discharged effective June 21, 1982. Petitioner appealed his dismissal and his appeal was ultimately denied by the Grievance Appeals Board of the Office of Employee Relations. The instant article 78 proceeding was then commenced and Special Term decided that petitioner had been appointed to a "temporary" position and had no rights under the Civil Service Law. The petition was dismissed and this appeal ensued. Initially, we note that Special Term improperly found that petitioner was appointed to a "temporary" position. The position has been designated as a permanent position in the noncompetitive class (Civil Service Law, § 42; 4 NYCRR 2.2, appendix 2) and the reasons given here for designating the position "temporary" do not fall within any of the statutory reasons required for so designating the position (Civil Service Law, § 64, subd 1). Such error, however, is not critical in resolving this controversy. It is significant that petitioner was appointed to a noncompetitive permanent position. We conclude that he was a probationary appointee and although he could be terminated without a hearing, his discharge may be reviewed to determine whether it was made in bad faith and was, therefore, arbitrary and capricious (*De Salvo v Kolb,* 54 AD2d 991). Considering the record in its entirety, we find no such evidence of bad faith. The record, in our opinion, contains substantial evidence to establish that petitioner's job performance was unsatisfactory. There must be an affirmance. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.