■ In the Matter of KATHLEEN BONNEY, Respondent, v DONALD J. DILWORTH, as Police Commissioner of the Suffolk County Police Department, et al., Appellants. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Police Commissioner of the Suffolk County Police Department terminating petitioner's employment as a probationary evidence technician trainee, the appeal is from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), entered September 10, 1982, which, after a hearing, granted the petition to the extent that the commissioner was directed to reinstate petitioner to her former position with back pay from the date of her termination to the date of her reinstatement, less such sums as petitioner may have earned during such period in any other employment or occupation. Judgment reversed, on the law, without costs or disbursements, determination confirmed, and proceeding dismissed on the merits. Petitioner, a civilian employee functioning in the identification section of the Suffolk County Police Department, was dismissed by the police commissioner during her probationary period based upon the commissioner's review of an interim evaluation submitted by petitioner's supervisors concerning her work performance. Those findings and recommendations were indorsed by the commanding officer of the identification section. Petitioner then instituted this proceeding alleging, *inter alia,* that the termination of her employment was arbitrary and capricious. It is well established that a probationary employee may be dismissed without specific reasons being given and without a hearing (*Matter of Talamo v Murphy,* 38 NY2d 637), judicial review of such termination being "limited to an inquiry as to whether it was made in bad faith and was therefore arbitrary and capricious" (*Matter of King v Sapier,* 47 AD2d 114, 116, affd 38 NY2d 960; see *Matter of Johnson v Slezak,* 95 AD2d 920; *De Salvo v Kolb,* 54 AD2d 991). Evidence in the record supporting a conclusion of unsatisfactory job performance establishes that the discharge was made in good faith (*Matter of King v Sapier, supra*). While the petitioner had performed her job well in some instances, there is ample support for the commissioner's conclusion that petitioner's work performance was unsatisfactory, namely, evidence in the

record that petitioner made important errors of judgment, excessively used sick time, failed to comply with the rules and procedures of the Suffolk County Police Department and exhibited an attitude which caused her co-workers to be unwilling to work with her. Thus, there was a rational basis for the determination of the police commissioner, and accordingly, the action taken was neither arbitrary nor capricious. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.