■ In the Matter of NORMAN MACKLIN, Appellant, v WILLIAM POWELL, Individually and as Director of Human Resources Management Group, Bureau of Affirmative Action and Recruitment for the New York State Department of Health, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered November 15, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to reinstate petitioner to his position in the Human Resources Management Group of the State Department of Health or, in the alternative, to afford petitioner a hearing.

Petitioner asserts (1) that his termination was arbitrary, capricious, an abuse of discretion and effectuated in bad faith, and (2) that the officer who discharged him acted without authority. Special Term dismissed the petition in this CPLR article 78 proceeding. We concur with that decision.

A probationary employee may be terminated without reasons and without a hearing (*De Salvo v Kolb,* 54 AD2d 991). Our review of such termination is limited to an inquiry as to whether it was made in bad faith and was, therefore, arbitrary and capricious (*Matter of King v Sapier,* 47 AD2d 114, affd 38 NY2d 960). The burden of proof in that regard is upon petitioner. Petitioner has failed to meet that burden. The record discloses

that petitioner's performance was marginal on his first evaluation and that more serious deficiencies surfaced later. His second evaluation indicated inadequate management, supervisory and interpersonal skills, all of which were necessary to the successful discharge of the duties of his position. Although petitioner had been advised of the dissatisfaction with his performance, nonetheless, his work effort and product continued to decline. He was, therefore, terminated. On this record, we cannot say that petitioner's termination was arbitrary and capricious and made in bad faith. We find no merit, as well, to petitioner's challenge to the authority of the officer who terminated him.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.