In the Matter of RICHARD KEARNEY, Appellant, v THOMAS COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent. — Levine, J.

On March 31, 1983, petitioner was appointed to the position of Deputy Superintendent for Administrative Services at Arthur Kill Correctional Facility, subject to his successful completion of a probationary period of from 26 to 52 weeks. On August 8, 1983, while employed in this probationary capacity, petitioner was notified that his employment in this position would be terminated. Petitioner subsequently brought the instant CPLR article 78 proceeding seeking permanent reinstatement on the ground that his dismissal was arbitrary and capricious. Special Term denied the requested relief and dismissed the petition. This appeal ensued.

Initially, it should be noted that a probationary employee may be dismissed without a hearing and without specific reasons being given, unless there is a showing (which was not made in the instant matter) that the dismissal violated constitutional, statutory or case law (*Matter of York v McGuire,* 63 NY2d 760, 761; *Matter of Talamo v Murphy,* 38 NY2d 637, 639). Subsequent judicial review is limited to a determination of whether the dismissal was the product of bad faith and hence was

arbitrary and capricious (*Matter of Bonney v Dilworth,* 99 AD2d 468; *Matter of Johnson v Slezak,* 95 AD2d 920, *lv denied* 60 NY2d 553).

In the instant matter, petitioner has proffered only conclusory allegations to support his argument that his dismissal was the product of bad faith. However, the record contains a considerable amount of evidence in support of respondent's contention that petitioner was dismissed because of his unsatisfactory job performance, in particular, his inability to deal effectively with his subordinates. Set forth in the record is the affidavit of John J. Cassidy, Director of the Bureau of Labor Relations of the Department of Correctional Services, who speaks of a "serious deficiency" in petitioner's job performance caused by his "abrasive and tactless" treatment of his subordinates. Cassidy states that in June of 1983, he held a counseling session with petitioner at which he warned petitioner that some action would have to be taken if his attitude toward his subordinates did not improve. Cassidy specifically notes petitioner's handling of an incident in July 1983 when correction officers were suspected of food pilferage. Petitioner's conduct toward his subordinates in dealing with this situation resulted in a petition, signed by over 100 staff members, demanding his removal.

Also in the record is an affidavit of Kenneth W. Dunham, Superintendent of Arthur Kill, who relates that petitioner had "a serious problem dealing with subordinates". He particularly notes that ill feelings had developed between petitioner and the correction officers' union representatives.

Finally, the record contains the affidavit of Russell O. DiBello, Deputy Commissioner for Administrative Services, who states that he interviewed prison personnel at Arthur Kill in May 1983, at which time correction officers consistently complained of petitioner's abrasive and antagonistic behavior toward them and contended that his presence was a major cause of poor staff morale.

Clearly, the position of Deputy Superintendent at a correctional facility requires superior leadership skills in the supervision of prison personnel (*see, Matter of Goodfellow v Bahou,* 92 AD2d 1085, 1086, *lv denied* 59 NY2d 606). It is therefore apparent that petitioner's inability to work amicably with his subordinates constituted a rational justification for his dismissal (*see, Matter of Holbrook v State Ins. Fund,* 78 AD2d 840, 841, *affd* 54 NY2d 892). This is so despite the showing in the record that petitioner performed his job well apart from his handling of subordinates. Since there is substantial evidence in the record that respondent's action in discharging petitioner was

not the product of bad faith, Special Term's dismissal of the petition for reinstatement must be affirmed (*see, Matter of Matsa v Wallach,* 42 AD2d 1004, 1005, *affd* 34 NY2d 891).

Judgment affirmed, without costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.