■ In the Matter of ELLIOTT H. VELGER, Appellant, v HENRY G. WILLIAMS, as Commissioner of the New York State Department of Environmental Conservation, et al., Respondents.—Main, J. P. Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered February 19, 1985 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents terminating petitioner's probationary appointment as an environmental conservation investigator.

On January 29, 1984, petitioner was appointed to the position of hazardous waste investigator for respondent Department of Environmental Conservation (DEC). The title of that position was subsequently changed to environmental conservation investigator. The appointment was subject to a probationary period of 26 to 52 weeks in duration, and petitioner was notified that he could be terminated at any time during his probationary term after the first eight weeks thereof. On March 30, 1984, while still serving in a probationary capacity and during his training period, petitioner was notified that his

employment with DEC was being terminated. Petitioner thereafter commenced this CPLR article 78 proceeding seeking, *inter alia,* reinstatement to the position on the ground that his dismissal was in bad faith and, therefore, arbitrary and capricious.

In cases involving the termination of a probationary employee, the scope of judicial review is limited to an inquiry of whether the employee's dismissal was the product of bad faith and was, therefore, arbitrary and capricious *(Matter of Kearney v Coughlin* 110 AD2d 1011, 1012; *Matter of Macklin v Powell,* 107 AD2d 964). Petitioner advances several arguments in support of his allegation that the termination of his employment with DEC was carried out in bad faith.

First, petitioner asserts that he was discharged because of his religion. In support of this assertion, he alleges that three anti-Semitic remarks were made by DEC employees during his employment with DEC. Having reviewed the statements allegedly made, we conclude, as did Special Term, that one of those statements cannot in any way be construed as an anti-Semitic remark. The other two, while perhaps made in poor judgment, have not been shown by petitioner to be connected in any way to his dismissal. In fact, petitioner has made absolutely no showing that those making the alleged remarks, both of which were addressed to large groups of people, were even aware that petitioner was himself Jewish. Such being the case, Special Term correctly concluded that petitioner failed to raise even a triable issue with regard to his claim of religious discrimination.

Petitioner next argues that his dismissal was in bad faith because it was done on the basis of his obesity and, therefore, in violation of the Human Rights Law *(see,* Executive Law art 15). In support of this argument, petitioner cites *State Div. of Human Rights v Xerox Corp.* (65 NY2d 213). What petitioner overlooks, however, is that, under Executive Law § 292 (21) and § 296, an employer is not guilty of unlawful discrimination against a person with a physical impairment if that person's condition is "in any way related to the duties the person was required to perform in connection with [his] position" *(Matter of Miller v Ravitch,* 60 NY2d 527, 531). Here, the duties of the job sought to be held by petitioner involved a great many physical skills, which he demonstrated that he was unable to perform during his training period as a result of his obesity. Accordingly, there can be no claim of unlawful discrimination under the Human Rights Law on the facts and circumstances of this case *(see, supra).*

In opposition to these arguments, as well as other similarly unavailing contentions raised by petitioner, respondents have shown with overwhelming proof that petitioner was consistently given a poor rating by his supervisors and his peers in the training program. Among the reasons for his low rating were his weight, his poor personal hygiene and his bad attitude. In light of such a showing, we conclude that there is substantial evidence in the record that the decision to terminate petitioner was neither arbitrary and capricious nor made in bad faith (see, Matter of Kearney v Coughlin, supra, pp 1012-1013; Matter of Macklin v Powell, supra, p 965; Matter of Mendez v Valenti, 101 AD2d 612, 613, lv denied 62 NY2d 606).

Judgment affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., and Levine, JJ., concur.