■ In the Matter of CLIFTON BURNS, JR., Petitioner, v CITY OF MIDDLETOWN et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Police Commissioners, dated June 23, 1983, which, after a hearing, found the petitioner guilty, *inter alia,* of "Unbecoming Conduct", and dismissed him from his position as a police officer.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

A review of the record demonstrates that substantial evidence supports the charges against the petitioner. It cannot be said that the penalty imposed is so disproportionate to the offense as to shock one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Lazer, J. P., Niehoff, Kooper and Spatt, JJ., concur.

■ In the Matter of THOR ERIKSEN, Appellant, v TOWN OF BROOKHAVEN, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Planning, Environment and Development of the Town of Brookhaven, effective September 4, 1984, which terminated the petitioner's employment as a probationary building inspector, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated May 6, 1985, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

There was substantial compliance with Suffolk County Civil Service rule XIII (6) *(see, Reilly v Shaw,* 81 AD2d 610). The determination under review was not arbitrary or capricious *(see, Matter of Talamo v Murphy,* 38 NY2d 637, 639), and the petitioner, as a probationary employee, had no right to a hearing *(Matter of Bonney v Dilworth,* 99 AD2d 468). We have examined the petitioner's remaining contentions and find them to be without merit. Weinstein, J. P., Rubin, Eiber and Spatt, JJ., concur.