■ JEANETTE SAULPAUGH et al., Respondents-Appellants, v J. RAYMOND DIEHL, JR., Individually and as former Executive Administrator of Monroe Community Hospital, et al., Appellants-Respondents.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: We agree with Special Term that petitioner's properly converted CPLR article 78 proceeding in the nature of mandamus to compel her reinstatement is not time barred. The four-month Statute of Limitations in such proceeding (CPLR 217) does not begin to run until petitioner's demand for reinstatement is refused *(Matter of De Milio v Borghard,* 55 NY2d 216, 220). Petitioner demanded reinstatement on October 17, 1984. Respondent's reliance on a letter dated December 20, 1984 from the Deputy County Attorney to petitioner's counsel as evidence of a refusal of petitioner's demand is misplaced because the letter does not constitute a clear and explicit refusal *(see, City of New York v State of New York,* 40 NY2d 659, 670; *Matter of Castaways Motel v Schuyler,* 24 NY2d 120, 126, *on rearg* 25 NY2d 692; *Matter of Fischer v Roche,* 81 AD2d 541, 542, *affd* 54 NY2d 962). Special Term also properly declined to rule on respondent's right to terminate petitioner's employment after the expiration of the minimum probationary period and properly denied, without prejudice, petitioner's claim for back pay.

Special Term erred, however, in ordering petitioner's reinstatement for a period of five weeks, which was equivalent to the remainder of her minimum eight-week probationary period. Although generally a probationary employee may be terminated without a hearing and without a reason *(see, Matter of Macklin v Powell,* 107 AD2d 964; *Matter of King v Sapier,* 47 AD2d 114, *affd* 38 NY2d 960), the local civil service rule requires that a probationary employee be given at least two weeks' written notice of termination and the right to a hearing *(see, Matter of Albano v Kirby,* 36 NY2d 526, 529). Thus, two weeks is the minimum period by law to which petitioner is entitled to reinstatement. (Appeals from judgment of Supreme Court, Monroe County, Galloway, J.—summary judgment.) Present—Dillon, P. J., Boomer, Green, Pine and Davis, JJ.