■ In the Matter of GEORGE M. GALAS, Appellant, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Judgment, Supreme Court, New York County (Leonard N. Cohen, J.), entered on or about May 10, 1989, which dismissed the petition brought pursuant to CPLR article 78 seeking reinstatement as a New York City police officer, is unanimously affirmed, without costs.

Petitioner resigned from his probationary position as a police officer when threatened with dismissal. The determination to terminate his employment was based upon a psychological evaluation, arising from incidents of bizarre behavior on March 16, 1988. Essentially, petitioner, who had quarreled

with a female officer with whom he had a personal relationship, threatened suicide. Petitioner later arrived at the female officer's house. When Emergency Services officers and two sergeants responded, petitioner refused initially to surrender his weapon, exclaiming, "Shoot me in the head." Petitioner later surrendered his weapon and submitted to psychiatric evaluation. On June 17, 1988, while on restricted duty, petitioner was found asleep in the same female officer's backyard.

On appeal the petitioner argues that he was coerced into resigning under circumstances evincing bad faith. We do not agree. In a matter involving the termination of a probationary employee, the scope of judicial review is generally limited to an inquiry as to whether the employee's dismissal was the product of bad faith. *(See, Matter of Kearney v Coughlin,* 110 AD2d 1011, 1012.)* While petitioner has otherwise demonstrated good character and submitted psychiatric evaluations indicating mental fitness, the decision to terminate his employment was clearly based upon countervailing psychiatric evaluations. While the medical evidence may be disputed, there is no indication that the respondent's determination arose from bad faith. Concur—Rosenberger, J. P., Kassal, Wallach, Smith and Rubin, JJ.