■ In the Matter of the Arbitration between EDWARD BERENT, Respondent-Appellant, and COUNTY OF ERIE, Appellant-Respondent. — Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: The

County of Erie (County) appeals from a judgment which confirmed a no-fault arbitration award and granted petitioner Berent first-party benefits. The subject of the arbitration was an injury sustained by petitioner, a County employee, when he fell from a salt spreader attached to a County truck on January 22, 1979. Petitioner returned to work on January 31, 1979 and continued working until February 22, 1979, at which time he was unable to perform his duties due to back pain. Having exhausted his available sick and leave time, petitioner was placed on leave status without pay. On May 28, 1979 petitioner applied to the County, a self-insurer, for first-party benefits (Insurance Law, § 672). The County denied the application alleging that the injury did not arise out of the use or operation of a motor vehicle and disputing the period of petitioner's disability. Petitioner requested arbitration pursuant to section 675 of the Insurance Law. An American Arbitration Association (A.A.A.) expedited arbitration proceeding was held solely on the issue of whether petitioner's injuries arose out of the use or operation of a motor vehicle. In an award dated September 6, 1979, mailed on September 7, 1979, the arbitrator determined that the injury arose out of the use and operation of a motor vehicle within the meaning of section 672 of the Insurance Law and awarded attorney's fees. By letter dated September 25, 1979 the County sought to appeal that award to a master arbitrator on the ground that it was incorrect as a matter of law. The master arbitrator denied review and affirmed the award, determining that the County's appeal was untimely because it had not been taken within 15 days from the date of mailing of the arbitrator's award as required by regulation (11 NYCRR 65.17 [d] [2] [i]). The master arbitrator awarded additional attorney's fees. Petitioner commenced this CPLR article 75 proceeding seeking confirmation of the award, judgment in the amount of $5,738.54 plus interest as first-party benefits, judgment in the amount of $877 for the attorney's fees awarded in the earlier proceedings as well as an additional fee for bringing this proceeding. The County cross-moved to vacate or modify the award, asserting that a judgment for first-party benefits must await resolution of other issues relating to the duration and cause of petitioner's disability. Specifically, the County claimed that petitioner's continued disability resulted from a second injury on February 22, 1979 which, while work related, did not involve the operation of a motor vehicle. Additionally, the County maintained that petitioner was capable of returning to work on July 9, 1979. Special Term held that the County had waived its right to arbitrate those issues by failing to raise them in the A.A.A. expedited arbitration proceeding. Thereupon Special Term confirmed the award, granted judgment in the amount requested plus interest compounded at 2% monthly and awarded attorney's fees in the amount of $2,399. Judicial review of the master arbitrator's decision in denying the County's request to review is limited by statute (Insurance Law, § 675, subd 2) to the grounds set forth in CPLR 7511 (*Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207; *Matter of Bamond v Nationwide Mut. Ins. Co.*, 75 AD2d 812, affd 52 NY2d 957). In this compulsory arbitration, the award may be vacated where the arbitrator's determination is without rational basis (*Caso v Coffey*, 41 NY2d 153; *Mount St. Mary's Hosp. of Niagara Falls v Catherwood*, 26 NY2d 493, 508-510) or if the determination disregards applicable law or is based on an error of law (*Brunner v Allstate Ins. Co.*, 79 AD2d 491, 494). It is undisputed that the County did not request review by the master arbitrator within 15 days from the date of mailing of the award in the expedited arbitration as required by the regulations (11 NYCRR 65.17 [d] [2] [i]). The master arbitrator has the authority to deny the request to review upon the ground that it was untimely and, indeed, the regulations state that in such case "the master arbitrator shall, in lieu of rendering an award,

deny the request for review" (11 NYCRR 65.17 [c] [4]). The County contends that the master arbitrator erred in disregarding the three-day extension for service of papers by mail provided in CPLR 2103 (subd [b], par 2). That rule, applicable to actions and proceedings, is not applicable to arbitration proceedings. There is no evidence of any intent in the enabling legislation (Insurance Law, § 675, subd 2) that such provision carry over to arbitration proceedings and the explicit time limitation in the regulation is controlling (cf. *Monarch Ins. Co. v Pollack*, 32 AD2d 819; *Matter of Moses [Catherwood]*, 31 AD2d 772; *Cosmopolitan Mut. Ins. Co. v Moliere*, 31 AD2d 924). Valid regulations, promulgated under statutory authority have the force and effect of law (*Brunner v Allstate Ins. Co., supra*). Accordingly, the master arbitrator acted in accordance with applicable law in determining that the County did not make a timely application for review and his decision was properly confirmed. Special Term erred, however, in determining that the County had waived any possible defenses to petitioner's claim and in deciding the amount of benefits to which petitioner is entitled. Those matters were not in issue either at the A.A.A. expedited arbitration or on review by the master arbitrator. Indeed, those issues could not have been raised in those forums. Pursuant to the authority conferred by statute (Insurance Law, § 675, subd 2), the Superintendent of Insurance has promulgated regulations governing arbitration procedures for the resolution of disputes involving an insurer's liability to pay first-party benefits under the no-fault law. Under those regulations, a multitiered arbitration system has been established comprised of four arbitral forums: A.A.A. expedited arbitrations; health service arbitrations; insurance department arbitrations; and A.A.A. arbitrations. The parties properly submitted the threshold issue of whether petitioner's injuries arose out of the use or operation of a motor vehicle to an A.A.A. expedited arbitration (11 NYCRR 65.16 [c] [3] [i] [e]). The remaining issues of the duration of petitioner's disability and the amount of lost earnings were beyond the subject matter jurisdiction of the A.A.A. expedited arbitration and were properly left to be decided in a subsequent forum. Such result was clearly contemplated by the regulatory scheme which specifically provides for multiple arbitrations on a given claim (see 11 NYCRR 65.16 [c] [3] [iv] [v]). It is only after those issues have been determined in the appropriate forum that they will be subject to judicial review. Article 75 confers no authority on the court to decide substantive issues which were not submitted to the arbitrators (see *Matter of Lange-Finn Constr. Co. [Joyce & Sons — Kramer & Sons]*, 50 AD2d 696, affd 41 NY2d 814; 8 Weinstein-Korn-Miller, NY Civ Prac, pars 7511:25-7511:26). Petitioner, having opted for arbitration to resolve his claim, may not be permitted at an intermediate stage of the arbitration process to seek a judicial determination of substantive matters not raised in, but properly subject to, arbitration. Any questions of waiver because of the County's failure to raise an objection or assert a defense are for resolution by the arbitrator (see *Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 8). The award to petitioner of counsel fees in the expedited arbitration and master arbitration was proper; however, because the article 75 proceeding was premature, Special Term's award of counsel fees was inappropriate. Additionally, petitioner's motion for counsel fees on appeal is denied, but inasmuch as petitioner must proceed to an appropriate arbitral forum, he may seek counsel fees in accordance with the regulations (11 NYCRR 65.16 [c] [8]). (Appeal from judgment of Supreme Court, Erie County, Doyle, J. — arbitration.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.