■ In the Matter of the Arbitration between GERALD A. CADY, Respondent, and AETNA LIFE & CASUALTY COMPANY, Appellant; ALBERT B. LEWIS, as Superintendent of the Insurance Department, et al., Intervenors-Appellants. — Appeal from an order of the Supreme Court at Special Term (Kuhnen, J.), entered June 4, 1982 in Broome County, which partially granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award. Petitioner was a deputy sheriff who was injured while operating a motor vehicle in the course of his employment. The injuries he sustained as a result of the accident prevented him from working for several periods of time prior to February of 1980, and from July of 1980 to the present. Petitioner continued to receive his full salary for the periods he was absent from work prior to February of 1980 by charging such periods against his accrued sick leave and vacation time. All accrued time had been exhausted prior to petitioner's final absence from work beginning in July of 1980. Although petitioner was given an award of workers' compensation benefits due to his injury, the compensation board directed that the portion which covered the periods prior to February of 1980 while petitioner was receiving his salary be reimbursed to his employer pursuant to section 25 (subd 4, par [a]) of the Workers' Compensation Law. Petitioner retained that portion of the compensation award applicable to the post-July, 1980 period in which he did not receive his full salary. Petitioner also sought to recover first-party benefits under the State's no-fault insurance law since he

was operating a motor vehicle at the time of his injury. When attempts to resolve a claim for no-fault benefits with the employer's insurance carrier proved unsuccessful, the matter was submitted to arbitration pursuant to subdivision 2 of section 675 of the Insurance Law. Memoranda submitted to the arbitrator by both parties reveal that the issues presented to him for resolution included whether petitioner had suffered any basic economic loss for the periods prior to February of 1980 since he received his full salary during that time (see Insurance Law, § 671, subd 1, par [b]) and, if he had suffered any basic economic loss for those periods, whether any first-party benefits awarded should be reduced by the amount of workers' compensation benefits which were reimbursed to petitioner's employer (see Insurance Law, § 671, subd 2, par [b]). The arbitrator's decision gave an award of first-party benefits for the pre-February, 1980 periods that petitioner was unable to work, thereby implicitly rejecting respondent insurer's contentions regarding the payment of full salary and the possible offset of the compensation award. Dissatisfied with this result, respondent sought review by a master arbitrator (see Insurance Law, § 675, subd 2) who, while affirming most of the arbitrator's award, ruled that petitioner's pre-February, 1980 award must be reduced by the workers' compensation benefits awarded and paid over to the employer. A supplemental award clarifying several aspects of the master arbitrator's decision was issued on September 17, 1981. Thereafter, on December 15, 1981, petitioner made application to Special Term pursuant to CPLR 7511 to vacate that portion of the master arbitrator's award which (1) offset the award of no-fault benefits by the amount of workers' compensation benefits reimbursed to petitioner's employer and (2) suspended interest on the no-fault award for a certain period. Special Term, after concluding that the master arbitrator exceeded his power in reducing the no-fault award since the issue of the offset for compensation benefits was not before the arbitrator, vacated the offset. In addition, Special Term excused petitioner's failure to comply with the time requirements contained in a regulation of the Insurance Department (11 NYCRR 65.17 [i] [2]) for commencing a CPLR article 75 proceeding seeking to challenge a master arbitrator's award. Since it found the challenged regulation to be in direct conflict with the time limitation contained in CPLR 7511 (subd [a]) in that it shortened the statutorily granted Statute of Limitations, Special Term held that 11 NYCRR 65.17 (i) (2) was invalid and found that petitioner had timely commenced the proceeding since it was brought within 90 days of the delivery to him of the master arbitrator's supplemental decision. This appeal by respondent and the Commissioner of the State Insurance Department challenging those portions of Special Term's decision that were adverse to their respective interests ensued. We embrace that portion of the decision written at Special Term in this matter (113 Misc 2d 1080, 1083-1086) which held that the regulation of the Insurance Department was invalid and that petitioner had timely commenced the instant proceeding. Turning to that portion of Special Term's decision regarding the offset against first-party benefits for any workers' compensation award which was reimbursed to petitioner's employer for the periods prior to February of 1980 when he was absent from work, we must first determine the proper standard for judicial review of this alleged error of law by the master arbitrator. Subdivision 2 of section 675 of the Insurance Law instructs that a master arbitrator's award can only be challenged on the grounds provided in CPLR article 75. The only ground found in that article which is applicable in this matter is petitioner's contention that the master arbitrator, by allowing the offset for workers' compensation benefits, "exceeded his power or so imperfectly executed it" (CPLR 7511, subd [b], par 1, cl [iii]). Subdivision 2 of section 675 of the Insurance Law provides a party seeking payment of first-party benefits the

option of submitting its dispute with the insurer to arbitration. Despite the absence of a mutual duty to arbitrate under this section, the submission of a dispute to arbitration under section 675 has been classified as compulsory arbitration even where, as here, it is the insured who complains after exercising the option to pursue arbitration instead of legal action (*Matter of Shand* [*Aetna Ins. Co.*], 74 AD2d 442, 446). Once it is concluded that arbitration under the no-fault insurance laws is compulsory as distinguished from consensual, judicial review of an arbitration award on the ground that the arbitrator "exceeded his power" pursuant to CPLR 7511 (subd [b], par 1, cl [iii]) is expanded to include an analysis of whether any rational basis whatsoever exists to support the arbitrator's determination (*Matter of Celona v Royal Globe Ins. Co.*, 85 AD2d 635, 637; *Matter of Shand* [*Aetna Ins. Co.*], *supra*, pp 443, 454; see *Mount St. Mary's Hosp. of Niagara Falls v Catherwood*, 26 NY2d 493). Accordingly, judicial review of the instant arbitration award must involve two distinct questions: (1) whether the issue of workers' compensation offset was presented to the initial arbitrator by the parties and was thus even a proper subject for determination by the master arbitrator (see 11 NYCRR 65.17 [c] [6]); and, (2) if it was properly before the master arbitrator, whether there was a rational basis to support his resolution of that issue. Since the original submission of this matter by the parties to the arbitrator included the issue of a possible offset of workers' compensation benefits against any first-party benefits awarded pursuant to the State's no-fault insurance provisions (Insurance Law, art XVIII), the issue was properly considered by the master arbitrator (11 NYCRR 65.17 [c] [6]) and he did not exceed his powers in ruling thereon. Having reached this conclusion, we now examine the rationality of the master arbitrator's decision on the offset issue. Since the purpose behind the offsets allowed by subdivision 2 of section 671 of the Insurance Law is to insure that a party seeking first-party benefits recovers at least 80% of his basic economic loss when all sources for recovery are considered (see *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 457), we cannot say that the master arbitrator's decision allowing the workers' compensation offset in this case where petitioner was receiving full salary, albeit at the expense of accrued vacation and sick leave, was without a rational basis. Accordingly, Special Term erred in vacating that portion of the master arbitrator's award which offset petitioner's no-fault award by the compensation payments paid to his employer during the periods prior to February of 1980. Order modified, on the law, by reversing that portion which partially vacated the master arbitrator's award and remanded the matter for redetermination of no-fault benefits, award of the master arbitrator confirmed, and, as so modified, affirmed, without costs. Mahoney, P. J., Main and Levine, JJ., concur.

Mikoll and Yesawich, Jr., JJ., dissent and vote to affirm in the following memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent and vote to affirm. In our view, the determination of the master arbitrator that petitioner's no-fault benefits be offset by workers' compensation benefits awarded and paid over to petitioner's employer is erroneous as a matter of law and without any rational basis. Under section 671 (subd 2, par [b]) of the Insurance Law, first-party benefits must be offset by "amounts recovered or recoverable * * * under state or federal laws providing * * * workmen's compensation benefits". Petitioner, however, did not receive any workers' compensation benefits for the pre-July, 1980 periods of absence because he received his full salary by depleting his accrued vacation and sick leave benefits. The County of Broome, his employer, received workers' compensation benefits for the money it paid petitioner pursuant to section 25 (subd 4, par [a]) of the Workers' Compensation Law. These workers' compensation benefits were not "amounts recovered or recoverable * * * under state or federal laws providing

* * * workmen's compensation benefits" (Insurance Law, § 671, subd 2, par [b]). The master arbitrator's offset ruling places petitioner in the position of having given up his sick leave and vacation pay in return for only a token no-fault payment. The injured worker should not thus be turned into a self-insurer for such portion of his economic loss (see *Matter of Granger v Urda,* 44 NY2d 91, 99; *Grello v Daszykowski,* 44 NY2d 894). Such a result is not only unreasonable, but contrary to the intent of the law. This situation is analogous to that found in *Grello v Dazykowski (supra)*, where workers' compensation benefits, which were ultimately credited to an insurance carrier and not to the employee, were not considered as "amounts recovered or recoverable" by the employee for purposes of the offset provided in section 671 (subd 2, par [b]) of the Insurance Law. In *Grello,* the carrier recouped workers' compensation benefits already paid through the enforcement of a lien (Workers' Compensation Law, § 29), and here the workers' compensation carrier (the employer, Broome County) recouped benefits which it never had to pay. In both cases, the injured employee did not reap the benefits of workers' compensation. Similarly, then, the no-fault provider herein should not be permitted to offset its obligation to petitioner. [113 Misc 2d 1080.]