*596
 
 OPINION OF THE COURT
 

 Per Curiam.
 

 At issue on this appeal is the validity of a regulation of the New York State Insurance Department limiting to 51 days the time to commence a proceeding pursuant to CPLR article 75 challenging a master arbitrator’s award under the No-Fault Insurance Law. The lower courts found the regulation invalid, as inconsistent with the 90-day limitations period provided by the Legislature in CPLR 7511 (subd [a]), and we now affirm.
 

 Petitioner, a deputy sheriff, was injured during the course of his employment in a one-car accident. He received full salary during his absence from work up to February, 1980, and workers’ compensation benefits were found payable to his employer. Petitioner’s application for first-party benefits under article 18 of the Insurance Law proceeded through arbitration pursuant to subdivision 2 of section 675 of the Insurance Law, and ended with the master arbitrator’s supplemental award, dated September 17, 1981.
 

 On December 15, 1981, petitioner commenced this proceeding under CPLR 7511 to vacate the award to the extent that it ordered that petitioner’s recovery be reduced by the workers’ compensation benefits. Among the grounds raised in opposition was that the article 75 proceeding was untimely under an Insurance Department regulation (11 NYCRR 65.17 [i] [2]) requiring written notice of intention to commence an article 75 proceeding within 21 days of mailing of the master arbitrator’s award and actual commencement of the proceeding within 30 days of the mailing of the notice of intention. The New York State Insurance Department and its Superintendent intervened in support of the validity of the regulation. Special Term declared the regulation invalid because it conflicted with CPLR 7511 (subd [a]), which permits an application to modify or vacate an arbitration award to be made within 90 days of its delivery. The court also found the offset improper and modified the arbitrator’s decision accordingly.
 

 On appeal, the Appellate Division agreed that the limitations period of the insurance regulation was invalid but
 
 *597
 
 modified the lower court’s order by holding the offset proper. Although petitioner has not appealed from this determination, the intervenors were granted permission to appeal and challenge only that portion of the Appellate Division’s order which affirmed the declaration that 11 NYCRR 65.17 (i) (2) is invalid. The propriety of the offset is thus not before this court.
 

 While the Superintendent unquestionably has statutory authority to interpret, clarify and implement legislative policy under the No-Fault Law
 
 (Breen v Cunard Lines S. S. Co.,
 
 33 NY2d 508, 511), as well as specific statutory authority under subdivision 2 of section 675 of the Insurance Law to promulgate procedures for review by a master arbitrator, regulations cannot be “inconsistent with some specific statutory provision.”
 
 (Ostrer v Schenck,
 
 41 NY2d 782, 785; see, also,
 
 Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,
 
 57 NY2d 588, 595;
 
 Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.,
 
 45 NY2d 471, 480-481.) As the courts below correctly held, the 51-day period set forth in 11 NYCRR 65.17 (i) (2) truncates the 90-day period provided by the Legislature for commencing proceedings under article 75, and to that extent the regulation is therefore invalid. Nor can it be said that the insured voluntarily waived the right to commence an article 75 proceeding within 90 days by electing arbitration under the Insurance Law. There is no basis independent of the invalid regulation for a claim of waiver.
 

 Accordingly, the order of the Appellate Division, insofar as appealed from, should be affirmed, without costs.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in
 
 Per Curiam
 
 opinion.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order, insofar as appealed from, affirmed, without costs.