■ In the Matter of STATEN ISLAND HOSPITAL, as Assignee of ANN CONNORS, Appellant. USAA, Respondent-Respondent; NYCTA, Respondent. — In a proceeding to vacate an expedited arbitration award, Staten Island Hospital appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), entered June 22, 1983, which granted respondent USAA's motion to renew and reargue and thereupon vacated an arbitration award and ordered that a rehearing of the arbitration matter be held before an arbitrator other than Mardon R. Israel. ¶ Order reversed, on the law, without costs or disbursements, motion to reargue and renew denied and award reinstated and confirmed. ¶ USAA (United Services Automobile Association) moved, by order to show cause, for an order vacating or modifying an expedited arbitration award of the American Arbitration Association (AAA). The subject arbitration proceeding, conducted pursuant to subdivision 2 of section 675 of the Insurance Law, arose out of a motor vehicle accident on May 5, 1980, in which Ann Connors, assignor of Staten Island Hospital, was allegedly seriously injured while a passenger on a New York City bus. She was treated by the assignee hospital, which forwarded the hospital facility forms to USAA. USAA denied payment contending that the claim should first have been presented to the New York City Transit Authority (NYCTA), which should have paid the claim immediately and then proceeded to arbitration for reimbursement. ¶ The issue presented at a hearing before arbitrator Mardon R. Israel was which of the two carriers, USAA, the family automobile policy carrier, or NYCTA, was liable for payment of the no-fault benefits. The parties had been notified of the hearing date, and on June 4, 1982, Staten Island Hospital and NYCTA appeared, but USAA failed to appear, apparently due to a misunderstanding with NYCTA. USAA claimed NYCTA had led it to believe that the hearing would be adjourned pending resolution of another dispute between Connors, USAA and NYCTA which was in arbitration. Nevertheless, although requested by NYCTA to adjourn the hearing, arbitrator Israel held the hearing in USAA's absence, and, in a determination on the merits of the case, found that Connors was required to proceed under her household policy and, therefore, USAA was the no-fault carrier responsible to pay the claim. A subsequent request for modification was denied by arbitrator Israel on the ground that the attorneys for the insurance companies could not bind the claimant or the arbitrator, and, in accordance with the no-fault expedited arbitration rules of the AAA, the arbitrator could proceed in the absence of a party. ¶ Special Term denied USAA's application to vacate or modify the award of the arbitrator, finding that USAA had failed to exhaust its administrative remedies. Specifically, pursuant to subdivision 2 of section 675 of the Insurance Law, "[t]he decision of an arbitrator shall be binding except where vacated or modified by a master arbitrator". Further, "[a]n award by an arbitrator rendered pursuant to section 675(2) of the Insurance Law and section 65.16 of the Part (Regulation No. 65) may be vacated or modified solely by appeal to a master arbitrator" (11 NYCRR 65.17 [a]). Special Term concluded that since USAA did not appeal to a master arbitrator, the court was precluded from reviewing the arbitrator's award. Special Term also noted that USAA's time to appeal to a master arbitrator had expired (11 NYCRR 65.16 [b] [4] [iii]) and, therefore, confirmance of the award was mandated. ¶ USAA's subsequent motion to renew and reargue was granted, but Special Term thereupon adhered to its original determination. USAA again moved to renew and reargue and, in support of its motion, appended a letter from the State Insurance Department declaring that the award at issue could not be appealed to a master arbitrator for review. The motion was granted and, upon renewal and reargument, Special Term vacated the arbitration award and ordered a rehearing before a different arbitrator. The court found that, according to the

letter from the State Insurance Department, the award could not be appealed to a master arbitrator for review because the reasons for the appeal were based on procedural or factual errors by the arbitrator, grounds that are expressly excluded by 11 NYCRR 65.17 (a) (4). ¶ Upon a review of the applicable statutes and regulations, we find that the arbitration award was reviewable by a master arbitrator under 11 NYCRR 65.17 (a) (1) and CPLR 7511 (subd b, pars [i], [ii], [iii]), paragraphs apparently overlooked by the court and the parties. The relevant sections are: ¶ (Insurance Law, § 675, subd 2.) "Fair claims settlement * * * ¶ "An award by an arbitrator may be vacated or modified by a master arbitrator in accordance with simplified procedures to be promulgated or approved by the superintendent. The grounds for vacating or modifying an arbitrator's decision by a master arbitrator shall not be limited to those grounds for review set forth in article seventy-five of the civil practice laws and rules. *The decision of an arbitrator shall be binding except where vacated or modified by a master arbitrator.* The decision of a master arbitrator shall be binding except for the grounds for review set forth in article seventy-five of the civil practice law and rules" (emphasis added). ¶ (11 NYCRR 65.17 [a] [1] [4].) ¶ "65.17 Master arbitration procedures under section 675(2) of the Insurance Law with respect to personal injuries sustained on and after December 1, 1977 * * * ¶ "(a) *Grounds for review.* An award by an arbitrator rendered pursuant to section 675(2) of the Insurance Law and section 65.16 of this Part (Regulation No. 68) *may be vacated or modified solely by appeal to a master arbitrator,* and only upon one or more of the following grounds: ¶ "(1) any ground for vacating or modifying an award enumerated in article 75 of the Civil Practice Law and Rules (an article 75 proceeding), except the ground enumerated in CPLR section 7511(b)(1)(iv) (failure to follow article 75 procedure) * * * ¶ "(4) that an award rendered in an A.A.A. expedited arbitration under section 65.16(c)(3)(i) of this Part was incorrect as a matter of law (procedural or factual errors committed in the arbitration below are not encompassed within this ground)" (emphasis added). ¶ (CPLR 7511.) "Vacating or modifying award * * * ¶ "(b) Grounds for vacating. ¶ "1. The award shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds that the rights of that party were prejudiced by: ¶ "(i) corruption, fraud or misconduct in procuring the award; or ¶ "(ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or ¶ "(iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made". ¶ USAA seeks review on the grounds that it was prejudiced by misconduct of the arbitrator in procuring the award, the partiality of the arbitrator, and the arbitrator exceeding his power in making the award. Whatever the merits of these claims and regardless of whether we might deem them appropriate under the mentioned subdivisions of CPLR 7511, it was for the master arbitrator and not Special Term to make that determination in the first instance. ¶ Since USAA failed to appeal to the master arbitrator, however, it failed to exhaust its administrative remedies. Since the time to so appeal has now expired (11 NYCRR 65.16 [c] [4] [iii]), the award should be reinstated and confirmed. Lazer, J. P., Gibbons, Bracken and Lawrence, JJ., concur.