OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Appellant, formerly a pari-mutuel examiner in the State Department of Taxation and Finance, by this article 78 proceeding seeking reinstatement, challenges his termination as unlawful, arbitrary and capricious. Appellant was appointed May 10, 1979 and terminated October 10, 1979. Prior to his appointment, appellant completed a form indicating his willingness to accept the position on a temporary or permanent basis. Appellant insists his appointment was permanent, subject only to an eight-week probationary period, which passed without incident. Respondent contends that the appointment was temporary, until receipt and processing on June 7, 1979 of appellant’s signed Form S-203 (a form promulgated by the Department of Civil Service) disposing of veterans’ preference credits he had claimed on the competitive examination for the position, and that it properly extended appellant’s probationary period on July 25 and properly terminated him on October *920 10 without a hearing. The issue posed by this appeal is whether respondent, by implementing an administrative procedure of the Department of Civil Service requiring that employment remain temporary until a completed Form S-203 is processed, impermissibly denied or impaired benefits afforded appellant, as a veteran, by section 85 of the Civil Service Law.
While the Civil Service Department unquestionably may establish its own rules and internal operating procedures (see Civil Service Law, § 6, subd 1; see, also, Matter of Cady [Aetna Life & Cas. Co.], 61 NY2d 594), its rules and procedures cannot be “inconsistent with some specific statutory provision” (see Ostrer v Schenck, 41 NY2d 782, 785), or erect a barrier to a benefit conferred by the Legislature (see Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 62 NY2d 539). But here there is no inconsistency or barrier, as alleged. Appellant claimed veterans’ preference credits on his employment application, and this benefit is by statute available only once in a lifetime (Civil Service Law, § 85, subd 4, par [a]). Because of his score on the examination, appellant did not actually need the additional credits for the appointment, and the credits were automatically preserved for his later use (Civil Service Law, § 85, subd 4, par [c]). Form S-203 in no way denied or impaired the benefit set forth in section 85, but is instead an administrative procedure for assuring that the veterans’ preference credits, though claimed, would later be available to appellant. Nor can we say that such a procedure, which had the purpose of enhancing the accuracy of information as to those who had claimed credits, and which applied equally to all persons in this category, was discriminatory or arbitrary.
We have considered appellant’s remaining arguments and find them to be without merit.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.