■ In the Matter of the Arbitration between Richard J. Leombruno, Sr., et al., Appellants-Respondents, and City of Glens Falls, Respondent-Appellant. — Yesawich, Jr., J.

In August of 1981, in accordance with the grievance and arbitration procedure set out in the applicable collective bargaining agreement, petitioner Richard J. Leombruno, Sr. (hereinafter petitioner), a fire fighter employed by respondent, filed a grievance charging respondent with wrongfully withholding payments due him under General Municipal Law § 207-a for service-related injuries. At the arbitration hearing held July 13, 1982, the parties entered into a stipulation as to the various issues to be determined by the arbitrator. If the arbitrator found that petitioner had been injured in the performance of his duties within the meaning of General Municipal Law § 207-a, then one of the specific issues to be resolved was what petitioner's remedy should be, particularly "[w]hether the grievant [petitioner] is entitled to benefits under Section 207-a thereafter" (i.e., after February 26, 1982, that being the date an arbitration award respecting disciplinary charges previously brought by respondent against petitioner was ultimately made; in that disciplinary proceeding, petitioner was reinstated but without back pay or benefits for the period of his suspension).

On October 31, 1982, the arbitrator rendered his award, finding that petitioner had indeed been injured in the performance of his duties within the meaning of General Municipal Law § 207-a and that the remedy authorized was that: "The grievant [petitioner] is entitled to no contract benefits after the effective date of his retirement on March 15, 1982 [the date his accidental disability retirement application was approved], (but is entitled to such benefits from February 27 to March 15, 1982) [the period between the day after the award in the disciplinary arbitration proceeding was issued and the date his disability retirement application was approved]". In an effort to clarify this remedy, the arbitrator defined the phrase "regular salary" as used in General Municipal Law § 207-a as being the salary "which [petitioner] received or would have received on the effective date of his retirement, i.e. March 15, 1982". By freezing the salary as of March 15, the arbitrator prevented petitioner from sharing in annual or progressive increases occurring after that date. When the parties were unable to agree upon interpretation of this aspect of the award and, thus, the measure and amount of petitioner's damages, the parties sought to have the arbitrator settle the issue. The matter of petitioner's damages was then resubmitted to the arbitrator to have him ascertain and compute the damages. After a hearing, the arbitrator, in an award dated November 18, 1983, computed the damages due, but did so without disturbing his prior decision.

Petitioner's and respondent's cross petitions, made the following February pursuant to CPLR 7511, to have Special Term modify the November 18, 1983 award were denied, prompting these cross appeals. At the outset, we note that the initial arbitration award was later clarified and that the modification applications were made within 90 days of delivery of the supplemental arbitration award. Accordingly, the parties' applications to modify the award were timely commenced (*Matter of Cady* [*Aetna Life & Cas. Co.*], 96 AD2d 967, *affd* 61 NY2d 594).

Petitioner argues that the arbitrator exceeded his delegated authority by defining the term "regular salary" as used in General Municipal Law § 207-a. It is true that the collective bargaining agreement expressly provides that "[t]he arbitrator shall confine himself to the precise issue submitted for arbitration and shall have no authority to determine any other issue not submitted to him" and that one of the agreed upon issues submitted, "[w]hether the grievant [petitioner] is entitled to benefits under Section 207-a thereafter", unambiguously demanded a "yes" or "no" answer. This stipulated issue did not give the arbitrator jurisdiction to determine what petitioner's

salary benefits consisted of under General Municipal Law § 207-a. By undertaking to evaluate those benefits, the arbitrator at that point exceeded his authority. However, by thereafter returning to the arbitrator for the sole purpose of having him ascertain and compute petitioner's damages, the parties thereby empowered him to define "regular salary" as that term is used in the General Municipal Law. That he did so in a manner which is at variance with the interpretation of that term in *Matter of Mashnouk v Miles* (55 NY2d 80) does not warrant modification of the award, for there is no strong public policy issue presented here (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308), but merely a dispute between the parties concerning the calculation of this particular petitioner's damages. Special Term's refusal to modify the supplemental award of November 18, 1983 by deleting therefrom that portion which freezes petitioner's salary was, therefore, proper.

As for respondent's cross petition to modify the award so as to calculate petitioner's damages as of June 24, 1981 (petitioner's actual effective date of retirement) rather than as of March 15, 1982 (the date utilized by the arbitrator), that application was also properly denied by Special Term. The arbitrator's error in this regard was not, as respondent would have it, simply a correctable misdescription (CPLR 7511 [c] [1]), but a conscious, substantive one, made on the merits. As such, it does not constitute ground for modification of this award.

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.