■ NATIONWIDE INSURANCE COMPANY, Respondent-Appellant, v DOUGLAS A. MARKUSON, Appellant-Respondent.—Order unanimously modified, on the law, by reinstating the arbitrator's award and, as modified, affirmed, without costs. Memorandum: In this CPLR article 75 proceeding respondent appeals from a judgment at Special Term which vacated an

arbitration award and ordered a new arbitration hearing. Petitioner cross-appeals from so much of the same judgment as denied its request for a determination that its exclusion of coverage was valid as a matter of law. The award had been entered in the context of no-fault insurance arbitration on respondent's claim for first-party benefits which were denied by petitioner based on an intoxication exclusion in its automobile insurance policy issued to respondent.

Respondent was injured in a single-car accident at 2:43 A.M. on September 2, 1982. He testified that he had only a few hours sleep on each of the three days preceding the accident, admitted that he had two beers with his dinner on the evening of the accident and stated that he had fallen asleep at the wheel. A chemical analysis of a blood sample showed a blood alcohol content of .15%.

In accordance with the Insurance Law and regulations (Insurance Law § 5103 [b] [2]; 11 NYCRR 65.12), the insurance policy issued by petitioner excluded coverage for injuries sustained "as a result" of operating a vehicle in an intoxicated condition within the meaning of Vehicle and Traffic Law § 1192, provided that such intoxicated condition was a "contributing cause" of the accident (11 NYCRR 65.15 *[l]* [2] [i]). The arbitrator concluded respondent's testimony that he fell asleep due to a lack of sleep in the three days preceding the accident provided a credible explanation for the accident which was not refuted by the petitioner's evidence of intoxication and that petitioner failed to show that intoxication "was the proximate cause of the subject accident." The award was affirmed on appeal to the master arbitrator who found that the "law and evidence supports the Arbitrator's decision" that there was a "failure of proof of causal connection" between the intoxication and the accident. The arbitrator's decision and the decision of the master arbitrator confirming the award found *no* causal connection between the accident and the respondent's presumed intoxication. The arbitrator accepted respondent's explanation that he was drowsy from lack of sleep and his finding of no causal connection between respondent's presumed intoxication and his falling asleep at the wheel is neither irrational nor arbitrary and capricious. Although the term "proximate cause" was inappropriately used, the underlying conclusion was that petitioner failed to establish the requisite connection between the respondent's presumed intoxication and the accident.

In our view, Special Term "exceeded the narrow bounds within which courts are authorized to alter [arbitration]

awards." *(Matter of McKenna v County of Nassau,* 61 NY2d 739, 742.) Although in a compulsory arbitration "the award may be vacated where the arbitrator's determination is without rational basis * * * or if the determination disregards applicable law or is based on an error of law" *(Matter of Berent [County of Erie],* 86 AD2d 764, 765), we do not find that the decision of the arbitrator violates these standards and that it is "so irrational as to warrant vacatur" *(Matter of Garcia v Federal Ins. Co.,* 46 NY2d 1040, 1041). (Appeals from order of Supreme Court, Monroe County, Siracuse, J.—art 75.) Present —Hancock, Jr., J. P., Callahan, Denman, O'Donnell and Schnepp, JJ.