■ GERALD WEISS, Appellant, v AETNA LIFE AND CASUALTY

COMPANY, Respondent.—In a proceeding to stay a no-fault master arbitration and to confirm the no-fault arbitrator's award dated March 8, 1985, petitioner appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated June 7, 1985, which dismissed the proceeding.

Order affirmed, with costs.

Pursuant to Insurance Law § 5106 (c) (formerly Insurance Law § 675 [2]), "[a]n award by an arbitrator shall be binding except where vacated or modified by a master arbitrator in accordance with *simplified procedures* to be promulgated or approved by the superintendent" (emphasis added). Petitioner, relying on *Matter of Cady (Aetna Life & Cas. Co.—Lewis)* (61 NY2d 594), argues that the "simplified" procedure established by the Superintendent, with respect to service of the demand for master arbitration, is inconsistent with the service requirements contained in CPLR 7503 (c), and must, therefore, be held invalid. Petitioner's contention is without merit. Unlike the regulation challenged in *Matter of Cady (supra)*, the service requirement presently in dispute, which provides that the request for review by a master arbitrator be mailed to the American Arbitration Association, which then notifies the interested party *(see,* 11 NYCRR 65.17 [d]), does not "erect a barrier to a benefit conferred by the Legislature" *(Matter of Marlow v Tully,* 63 NY2d 918, 920, *cert denied* — US —, 105 S Ct 2708). The due process considerations underlying CPLR 7503 (c) merely require that the form of service be reasonably calculated to notify and apprise the opposing party of the pendency of the proceedings and afford an opportunity to present objections *(see, Matter of Nationwide Mut. Ins. Co. [Monroe],* 75 AD2d 765). The method of service promulgated by the Superintendent of Insurance, which was strictly complied with at bar, satisfies this objective.

Accordingly, the order of Special Term is affirmed, and petitioner's request to recover the attorney's fees generated by this litigation is denied. Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.