Kaye, J.
(concurring). I agree that, having failed to satisfy the requirements for the position before January 13, 1983, petitioner cannot be considered a permanent employee; nor can temporary employment ripen into permanent employment. Moreover, petitioner was advised by memorandum dated April 27, 1983 of his appointment, with his probationary period to end January 12, 1984, and evidenced no disagreement or protest until after his termination more than a year later. His article 78 petition was therefore properly dismissed.
The purpose of this separate writing is to underscore my disapproval of the practice engaged in here, which is, by misuse of the category of “temporary” appointments, to extend the probationary period provided for in the Civil Service Law. Nothing in the transaction between the parties indicates that petitioner’s full-time appointment in November 1982 was to be in any sense temporary. He never accepted it as such. Surely nothing in the nature of that employment suggests that it was for a limited duration, or to fill a special need, or anything but petitioner’s full-time, all-time job. Civil Service Law § 64 defines the limited circumstances under which such an appointment may be made (see also, Matter of O’Reilly v Grumet, 308 NY 351), none of them apparent here. The abuse is particularly evident because the cause of the delay — a physical test, not a competitive examination — was wholly of *263 respondent’s own making (cf. Matter of Marlow v Tully, 63 NY2d 918, cert denied 472 US 1010). By itself delaying the examination more than two months, respondent succeeded in extending petitioner’s probationary period beyond the maximum provided by law. This was surely no favor to petitioner.
While respondent has recognized the unfairness of the situation and has amended its own rules to prevent a recurrence, it should be clear that this court in no way sanctions a practice whereby "temporary” appointments become a device for enlarging the probationary periods provided by law.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Hancock, Jr., concur with Judge Titone; Judge Kaye concurs in a separate concurring opinion in which Judge Meyer also concurs.
Order affirmed, with costs.