In the Matter of BONNIE CUSTEN, Appellant, v GENERAL ACCIDENT FIRE AND LIFE INSURANCE COMPANY, Respondent.

Second Department, March 23, 1987

---

## APPEARANCES OF COUNSEL

*Kirschenbaum, Fleischman & Spiegler (Robert P. Fleischman, Jerome B. Fleischman* and *Irving N. Selkin* of counsel), for appellant.

*Curtis, Zaklukiewicz, Vasile & Devine (Roy W. Vasile* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner claims that she suffered personal injuries as the result of a motor vehicle accident which occurred on October 18, 1981. Pursuant to New York's Comprehensive Motor Vehicle Insurance Reparations Act (Insurance Law § 5101 *et seq.),* the petitioner sought reimbursement for her basic economic loss *(see,* Insurance Law § 5102 [a]) from the respondent, which had allegedly issued a policy of insurance with respect to the vehicle in which the petitioner was a passenger at the time of the accident. The respondent paid certain claims, but, effective November 18, 1982, denied further benefits with respect to claims for loss of wages, and, thereafter, effective July 26, 1983, denied all future claims for first-party benefits *(see,* Insurance Law § 5102 [b]).

The petitioner allegedly demanded arbitration in accordance with the provisions of Insurance Law § 5106 on or about September 30, 1983. A hearing was conducted by an arbitrator on September 13, 1984. The arbitrator found that the petitioner had violated policy conditions, and, accordingly, denied her claims. This award dated December 11, 1984, was admittedly received by the petitioner on December 23, 1984.

The petitioner made no effort to appeal this determination to a master arbitrator until March 8, 1985, when the request for review by a master arbitrator was delivered to the American Arbitration Association (hereinafter AAA). By decision dated March 28, 1985, the master arbitrator refused to review the matter, since the request was not timely pursuant to regulations issued by the Superintendent of Insurance (11 NYCRR 65.17 [d] [2] [i]). In the interim, the petitioner commenced this proceeding to review the award of the arbitrator, by service of a notice of petition and petition on the respondent on March 18, 1985. Special Term dismissed the petition and confirmed the award, holding that the petitioner's failure to timely request review by a master arbitrator precluded judicial review. We affirm.

Pursuant to the terms of 11 NYCRR 65.17 (a), "[a]n award by an arbitrator rendered pursuant to section 5106 (b) of the Insurance Law * * * may be vacated or modified *solely* by appeal to a master arbitrator" (emphasis added). This regulation is entirely consistent with the Legislature's mandate that "[a]n award by an arbitrator shall be binding except where vacated or modified by a master arbitrator in accordance with

simplified procedures to be promulgated or approved by the superintendent [of insurance]" (Insurance Law § 5106 [c]). The courts have accordingly recognized that the failure of a party to a "no-fault" arbitration to exhaust his or her administrative remedies by timely appealing to a master arbitrator serves to preclude that party from obtaining judicial review of the arbitrator's award (see, Matter of Staten Is. Hosp., 103 AD2d 744, 745; Matter of Berent [County of Erie], 86 AD2d 764, 766; Griffith v Home Indem. Co., 84 AD2d 332, 336-337; Hilowitz v Hilowitz, 105 Misc 2d 384, 389, affd 85 AD2d 621; Matter of Lampasona [Prudential Prop. & Cas. Ins. Co.], 111 Misc 2d 623). To hold otherwise would completely upset the statutory scheme, which provides that review of a "no-fault" arbitrator's award by a master arbitrator is a precondition to judicial review pursuant to CPLR article 75 (Insurance Law § 5106 [c]).

The petitioner argues that the regulation which requires that an appeal to a master arbitrator be taken within 15 days of the mailing of the award of an arbitrator in an AAA expedited arbitration (11 NYCRR 65.17 [d] [2] [i]) is invalid inasmuch as it contradicts the terms of CPLR 7511 (a) which provides that "[a]n application to vacate or modify an award may be made by a party within ninety days after its delivery to him". This argument is without merit, since it is clear that the Legislature intended the provision of CPLR article 75 to apply only to the review of the awards of master arbitrators (see, Insurance Law § 5106 [c]). In an analogous case, we rejected the argument that the regulation which governs the manner of service of a demand for a no-fault master arbitration (11 NYCRR 65.17 [d]) was invalid to the extent it conflicted with CPLR 7503 (c) (see, Weiss v Aetna Life & Cas. Co., 115 AD2d 474). The Legislature delegated to the Superintendent of Insurance the power to promulgate regulations establishing the procedure for appeals to master arbitrators in "no-fault" cases (Insurance Law § 5106 [c]). With respect to the regulation which governs notice, discussed in the Weiss case, the regulation governing time limitations for appeals to a master arbitrator comports with due process, and is, therefore, valid.

The case of Matter of Cady (Aetna Life & Cas. Co.) (61 NY2d 594), relied upon by the petitioner, is distinguishable. The court in Cady held that the regulations which required a party to commence a judicial proceeding to review a master arbitrator's award within 51 days of the award (11 NYCRR

65.17 [i] [former 2]) were invalid in that they were in conflict with the 90-day time limitation set forth in CPLR 7511 (a). It is clear that there was a conflict between the statute and the regulation at issue in *Cady,* since the Legislature authorized judicial review of determinations of master arbitrators pursuant to CPLR article 75 *(see,* Insurance Law § 5106 [c]). Since judicial review is not similarly authorized, and, indeed, is precluded with respect to awards made by "no-fault" arbitrators, CPLR 7511 (a) has no application here, and its provisions are not inconsistent with the 15-day time limitation contained in 11 NYCRR 65.17 (d) (2) (i).

For the foregoing reasons, the order and judgment under review should be affirmed.

BRACKEN, J. P., WEINSTEIN, SPATT and HARWOOD, JJ., concur.

Ordered that the order and judgment is affirmed, without costs or disbursements.