■ In the Matter of the Estate of MAE A. BOSCO, Deceased. JANET L. RAJENDRAN, as Executrix of MAE A. BOSCO, Deceased, Appellant; FRANK BOSCO, SR., Respondent.—In a discovery proceeding pursuant to SCPA 2103, the petitioner executrix of the estate of Mae Ann Bosco appeals, (1) as limited by her brief, from so much of an order of the Surrogate's Court, Westchester County (Brewster, S.), dated April

27, 1987, as denied her motion for a trial by jury and to direct the respondent to post a bond, and (2) from an order of the same court, dated September 3, 1987, which denied her motion, denominated as a motion for leave to renew, which was in actuality a motion for reargument. We deem the notice of appeal from the decision dated April 6, 1987 a premature notice of appeal from the order dated April 27, 1987 *(see,* CPLR 5520 [c]).

Ordered that the order dated April 27, 1987 is affirmed insofar as appealed from, and the appeal from the order dated September 3, 1987 is dismissed, with one bill of costs payable by the estate.

The six-day statutory time period within which the petitioner was entitled to demand a jury trial as a matter of right expired 18 months before she made her demand *(see,* SCPA 502). The petitioner's misunderstanding of the law and alleged reliance on erroneous legal advice do not warrant the granting of such an untimely demand regardless of the lack of prejudice to the respondent *(see,* CPLR 2001).

The petitioner's motion for leave to renew, in which she fails to raise additional material facts which were unavailable at the time of the original motion, is actually one to reargue, the denial of which is not appealable *(see,* Siegel, NY Prac § 254). Even if the motion were deemed one for renewal, it was properly denied because the petitioner has not offered a reasonable excuse for her failure to produce the additional facts at the time of the original motion *(see, Matter of Kadish v Colombo,* 121 AD2d 722; *Caffee v Arnold,* 104 AD2d 352).

We have examined the remaining contentions advanced by the petitioner and find them to be without merit. Thompson, J. P., Brown, Weinstein and Harwood, JJ., concur.