■ LEE V. FABIANO, Appellant, v COUNTRY-WIDE INSURANCE Co., Respondent.—In a hybrid proceeding pursuant to CPLR 7511 to vacate the award of a master arbitrator dated May 6, 1986, and an action to recover damages pursuant to Insurance Law § 5101 *et seq.,* the petitioner-plaintiff appeals (1) from an order of the Supreme Court, Kings County (Dowd, J.), dated September 21, 1987, which, *inter alia,* dismissed the proceeding-action, and (2) from an order of the same court dated January 12, 1988, which denied her motion for leave to reargue.

Ordered that the appeal from the order dated January 12, 1988, is dismissed; and it is further,

Ordered that the order dated September 21, 1987, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff's ineptly drafted pleading, dated April 6, 1987, appears to comprise two separate legal proceedings: (1) a proceeding pursuant to CPLR 7511 to vacate the award of a master arbitrator dated May 6, 1986, and (2) an action to recover damages representing the interest accrued on first-party "no-fault" benefits to which the plaintiff claims entitlement pursuant to New York's Comprehensive Motor Vehicle Insurance Reparations Act *(see,* Insurance Law § 5101 *et seq.).* The master arbitrator's award, referred to above, vacated a previous award which had declared that the plaintiff had not made a valid assignment of her right to "no-fault" benefits. We are advised by counsel that, subsequent to the determina-

tion of the master arbitrator now under review in this proceeding, a second arbitration was held, on May 14, 1987, which resulted in an award declaring that a valid assignment of the plaintiff's right to first-party benefits had in fact been made. As far as may be determined based on the contents of the present record on appeal, no proceeding has been brought to vacate or modify this subsequent arbitration award.

The Supreme Court correctly held that the instant proceeding, insofar as it is one to vacate the award of the master arbitrator dated May 6, 1986, was not timely commenced. A proceeding to vacate the award of a master "no-fault" arbitrator must be commenced within 90 days of the delivery of the award (CPLR 7511 [a]; *Matter of Cady [Aetna Life & Cas. Co.]*, 61 NY2d 594). The present proceeding was not commenced until April 1987, almost one year following the issuance of the master arbitrator's award. On appeal, the plaintiff does not challenge this aspect of the court's order other than asserting that her proceeding to challenge the master arbitrator's award was "timely", an assertion which is not supported by the record. Moreover, the evidence on the record fails to demonstrate the existence of any basis upon which to vacate the master arbitrator's award, since there was a rational basis upon which to conclude that the prior award had been procured by misconduct.

The plaintiff's hybrid pleading, to the extent it sets forth an action to recover damages, is meritless for several reasons. First, her pleading is devoid of any allegation that she has personally paid any of the medical expenses with respect to which she claims reimbursement is overdue. Second, it is conceded that a subsequent arbitration has resulted in a declaration that the plaintiff has in fact assigned her rights to no-fault benefits. It is further uncontradicted that the plaintiff failed to seek a timely review of that award by a master arbitrator, so that that award is now final and binding *(see,* Insurance Law § 5106 [c]; 11 NYCRR 65.17 [a], [d] [2] [i]; *Matter of Custen v General Acc. Fire & Life Ins. Co.,* 126 AD2d 256 [award of no-fault arbitrator final and binding unless vacated by master arbitrator; review by master arbitrator must be sought within 15 days]). The plaintiff has no right to a money judgment reflecting interest on allegedly overdue no-fault benefits which have been assigned to third parties.

Finally, the appeal from the order dated January 12, 1988, is dismissed because no appeal lies from an order which denies a motion for leave to reargue *(see, e.g., Matter of Bosco,* 141 AD2d 639; *Matter of Tetro v Plainview-Old Bethpage Cent.*

*School Dist.,* 99 AD2d 814; *Matter of Roberts v County Ct.,* 39 AD2d 246, 248, *affd* 34 NY2d 246; *Matter of Underhill,* 193 App Div 957; 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5701.23; 10 Carmody-Wait 2d, NY Prac § 70.42; Siegel, NY Prac § 254, at 313-314). Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.