■ In the Matter of RICHARD SUMMA et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent.—In a proceeding pursuant to CPLR article 75 to vacate an arbitrator's award on the ground of misconduct and acting in excess of his powers, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Richmond County (Sangiorgio, J.), entered January 31, 1990, which denied the petition.

Ordered that the order and judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith.

We find that the court erred in denying the petition on the ground that the arbitrator's award could be vacated or modified solely by appeal to a master arbitrator *(cf., Matter of Custen v General Acc. Fire & Life Ins. Co.,* 126 AD2d 256). Insurance Law § 5106 (c), which requires review by a master arbitrator *(cf., Matter of Custen v General Acc. Fire & Life Ins. Co., supra)* was enacted in 1977 as an amendment to Insurance Law former § 675 *(see,* L 1977, ch 892, § 13). However, that amending enactment applies, by its terms, "to the use and operation of motor vehicles on or after" December 1, 1977 (L 1977, ch 892, § 17). The accident in question occurred on November 7, 1977. Hence, there was no requirement of review by a master arbitrator, and the matter is remitted to the Supreme Court, Richmond County, for consideration of the merits of the petition. Thompson, J. P., Sullivan, Harwood, Miller and O'Brien, JJ., concur.