■ In the Matter of KELLY CALANDRO, Respondent, v HOME INSURANCE COMPANY, Appellant. [604 NYS2d 232] —In a proceeding pursuant to CPLR article 75 to confirm a no-fault arbitration award dated April 9, 1991, and a master arbitrator's award dated July 10, 1991, the Home Insurance Company appeals from (1) an order of the Supreme Court, Westchester County (Nastasi, J.), dated October 22, 1991, which granted the application, and (2) a judgment of the same court, entered November 12, 1991, which is in favor of the petitioner and against it in the principal sum of $67,115.51.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The petitioner Kelly Calandro was seriously injured on September 21, 1986, when the vehicle in which she was a passenger overturned and caught fire. After she had collected the maximum under the limits of the policy carried by the lessee of the vehicle, she sought to collect additional benefits from the appellant which insured the owner of the vehicle. When the appellant denied the claim, Calandro commenced an arbitration proceeding. In an award dated April 9, 1991, an arbitrator found in favor of the petitioner. The appellant requested review of the award by a master arbitrator, who denied the request as being untimely under the regulations of the New York State Insurance Department. The Supreme Court, Westchester County, confirmed the awards, finding that the master arbitrator's denial of the appellant's request was rational and proper.

Pursuant to the applicable regulations of the New York State Insurance Department, any request for review by a master arbitrator must be made "within 21 calendar days of the mailing of any other appealable award" (11 NYCRR 65.18 [d] [2] [ii]). The regulations provide that: "[t]he parties shall accept as delivery of the [arbitrator's] award the placing of the awards or a true copy thereof in the mail, addressed to the parties or their designated representatives at their last known addresses, or by any other form of service permitted by law. The AAA shall note on such award or transmittal letter thereof the date of mailing and keep a record of same" (11 NYCRR 65.17 [b] [5] [xix]).

Moreover, the master arbitrator must initially determine if a request for review was timely made (see, 11 NYCRR 65.18 [c] [3]), and, if it was not timely, the master arbitrator must deny the request for review (see, 11 NYCRR 65.18 [c] [4]).

Here, the arbitrator's award was dated April 9, 1991, and the notation thereon indicates that it was mailed to the parties on April 10, 1991, although the appellant contends that it did not receive a copy of the award until May 8, 1991. The appellant's request for review was not made until May 17, 1991, 37 days after the award was mailed to it. Accordingly, the master arbitrator properly denied its request for review in accordance with the regulations (see, Matter of Custen v General Acc. Fire & Life Ins. Co., 126 AD2d 256). The appellant's attacks on the validity of the regulations have been previously rejected by this Court, which has expressly found that "the regulation governing time limitations for appeals to a master arbitrator comports with due process, and is, therefore, valid" (Matter of Custen v General Acc. Fire &

*Life Ins. Co., supra,* at 258; *see also, Matter of Berent [County of Erie],* 86 AD2d 764; *Thermasol, Ltd. v Dreiske,* 78 AD2d 838, *affd* 52 NY2d 1069, *cert denied* 454 US 826). The appellant's arguments concerning the proof, or lack thereof, of mailing were not raised before the master arbitrator.

Since a rational basis exists for the master arbitrator's determination, the Supreme Court properly confirmed it. Having failed to timely seek review by the master arbitrator, the appellant is precluded from seeking judicial review of the underlying arbitration award *(see, Matter of Custen v General Acc. Fire & Life Ins. Co., supra).* Thompson, J. P., Bracken, Balletta and Santucci, JJ., concur.