OPINION OF THE COURT
Stanley L. Sklar, J.
Petitioner, Tamaron Investments, Inc., moves to modify an arbitration award to the extent that it directed Tamaron to transfer 2,000 shares of Finger Matrix, Inc. (FMI) stock to the account of respondent Raymond J. Raia. Specifically, Tamaron requests that the number of shares awarded be reduced to 179 to reflect a recent reverse stock split. Raia cross-moves to confirm the award for the full 2,000 shares.
Raia commenced the underlying National Association of Securities Dealers arbitration proceeding against his stockbroker, Tamaron, claiming that Tamaron failed to fill his order for 2,000 shares of FMI stock despite receiving payment of $5,390. A hearing was conducted on March 9, 1995 before public arbitrator William Friedman. Arbitrator Friedman issued an award on May 10, 1995 directing Tamaron to place 2,000 shares of FMI stock into Raia’s account, and awarding Raia attorney’s fees of $2,400.
*127 However, on April 17, 1995 — after the arbitration hearing concluded but before the award was issued — the management of FMI effected a reverse stock split. As a result, FMI shareholders received .0895 of a share of the new FMI stock for each share of the old FMI stock. Friedman has submitted an affidavit in support of the petition indicating that he was unaware of the split when he issued the award in May 1995, and that he intended to award Raia 2,000 shares of FMI as of March 9, 1995, i.e., in their presplit form. Petitioner thus argues that Raia is entitled to only 179 (2,000 x .0895) of the postsplit shares.
The motion to modify is granted and, as modified, the award is confirmed. A court must modify an arbitration award if there is "a mistake in the description of any person, thing or property referred to in the award” (CPLR 7511 [c] [1]; Johnson v Chemical Bank, 147 Misc 2d 390). The 2,000 shares which Tamaron originally failed to place in Raia’s account, and which he demanded in his notice of claim, were clearly the old shares of FMI. As indicated in the reorganization report for FMI, those shares became "null and void” as of April 17, 1995. Accordingly, due to the intervening change in the status of FMI stock, the arbitrator’s reference to "2000 shares of Finger Matrix stock” became misdescriptive of the type of shares currently issued by the corporation. The error may be likened to the situation where, due to an intervening change in the corporate name, an award technically names a nonexistent entity.
An adjustment in the number of shares awarded to reflect a stock split occurring during the pendency of an arbitration represents only the restoration of the claimant’s stake in the company. Any decrease in the number of shares resulting from a reverse stock split is counterbalanced by a corresponding increase in the price per share. Moreover, since the total number of shares issued by a corporation is also reduced by such a split, Raia’s percentage stake in FMI will not be reduced.
In opposing this motion, Raia attacks the petition primarily to the extent it purports to seek correction of a "miscalculation of figures” under CPLR 7511 (c) (1). Raia notes that that statutory ground is available only where a mathematical error in the computation of damages is evident from the face of the award. (See, Matter of City of Troy [Village of Menands], 48 AD2d 733; Gaynor-Stafford Indus. v Beaunit Corp., 63 AD2d 871; Hough v Merrill Lynch, Pierce, Fenner & Smith, 757 F *128 Supp 283 [SD NY].) While there was no such error here, petitioner is still entitled to modification on the independent and alternative ground of "misdescription” under paragraph (c) (3).
Raia also argues that the award must be enforced exactly as written because the phrase "2000 shares” is free from ambiguity. However, that term as employed in the "Case Summary” section of the award (describing the 1991 transaction) and the "Relief Requested” section (alluding to the ad damnum clause of the 1993 petition) plainly describes the old FMI stock. To construe it as referring to the hew stock solely for the purpose of the "Award” section would be inconsistent. It would also render the determination irrational, as respondent would be receiving the equivalent of approximately 22,000 of the old shares.
"It is well settled that a court may interpret the language used by arbitrators” (Matter of Venables v Painewebber Inc., 205 AD2d 788, 788-789). The only construction of the term "shares” is one that conforms with what the parties and the arbitrator understood it to mean as of the close of evidence in March 1995. Since the arbitrator did not make a conscious, substantive decision to award 2,000 shares of postreverse split stock, any ambiguity engendered by the subsequent change in circumstances may be clarified or corrected by the court. (Cf., Matter of Leombruno [City of Glens Falls], 110 AD2d 996.)
Finally, Raia contends that to award the lower number of shares would be unjust because the fair market value of the stock is far below what he originally paid in 1991. Indeed, he claims that even if he were awarded the full 2,000 shares of the new stock, he would still suffer a small loss. Raia has submitted no evidence regarding the past or present price of the stock, but it would be irrelevant in any event. The loss complained of is attributable to the drop in stock price, not to petitioner’s failure to purchase the stock. The award simply places Raia in the position he would have been had the trade been executed properly, namely, in possession of 179 shares of current FMI stock. Although Raia speculates that he might have sold the stock at a higher price had it been placed in his account earlier, he waived this objection by seeking specific performance of the purchase.
*129 Accordingly, it is ordered that the motion to modify the award is granted, and the award rendered in favor of Raia and against petitioner is confirmed as modified.