# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**253**
**CA 10-02172**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF NEW YORK SCHOOLS INSURANCE
RECIPROCAL, PETITIONER-APPELLANT,

V                                         MEMORANDUM AND ORDER

PATRICIA ARMITAGE, RESPONDENT-RESPONDENT.
-----------------------------------------
ALEX CELNIKER, ROMAN A. CELNIKER AND LIBERTY
MUTUAL INSURANCE COMPANY, PROPOSED ADDITIONAL
RESPONDENTS-RESPONDENTS.

---

BAXTER SMITH & SHAPIRO, P.C., WEST SENECA (LAUREN E. DILLON OF
COUNSEL), FOR PETITIONER-APPELLANT.

LOUDEN LAW FIRM, P.C., MALTA (MICHELLE MURPHY-LOUDEN OF COUNSEL), FOR
RESPONDENT-RESPONDENT PATRICIA ARMITAGE.

---

Appeal from an order of the Supreme Court, Erie County (Rose H.
Sconiers, J.), entered February 10, 2010. The order denied the
petition for a stay of arbitration.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner appeals from an order denying its
petition seeking a permanent stay of arbitration. Respondent sought
arbitration following petitioner's denial of her claim for no-fault
insurance benefits. The propriety of the denial of benefits is a
"dispute involving the insurer's liability to pay first party
benefits" (Insurance Law § 5106 [b]), and we therefore conclude that
Supreme Court properly refused to grant a permanent stay of
arbitration (*see generally Ryder Truck Lines v Maiorano*, 44 NY2d 364,
368-369). Petitioner further contends that the issue whether the
offset for workers' compensation benefits exceeds the monthly limit of
first party benefits is not a matter for arbitration. We reject that
contention (*see* § 5102 [a] [2]; *see generally* § 5106 [b]; *Matter of
Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13,
18-19; *Matter of Cady [Aetna Life & Cas. Co.]*, 96 AD2d 967, *affd* 61
NY2d 594). Finally, we reject petitioner's contention that, by
refusing to grant a permanent stay of arbitration, the court denied
petitioner its right to seek a loss-transfer claim from additional
proposed respondents (*see generally Matter of Liberty Mut. Ins. Co.*

*[Hanover Ins. Co.]*, 307 AD2d 40, 42-43).

Entered: March 25, 2011                    Patricia L. Morgan
                                           Clerk of the Court