■ BARRY ODENZ, Respondent, v DIRECTOR, CREEDMOOR PSYCHIATRIC CENTER, Appellant.—In a proceeding pursuant to CPLR article 78 *inter alia* to review respondent's determination, dated August 20, 1974, terminating petitioner's services as a Mental Hygiene Therapy Assistant, in which respondent cross-moved to dismiss the petition, the appeal is from a judgment of the Supreme Court, Queens County, dated July 3, 1975, which, *inter alia,* ordered that petitioner be reinstated. Judgment reversed, on the law, without costs, cross motion granted, and proceeding dismissed on the merits. No fact questions were presented on this appeal. On January 31, 1974 the Department of Civil Service certified a list of mental therapy trainees for Creedmoor State Hospital. Creedmoor canvassed the list, upon which petitioner's name appeared, and appointed him. Creedmoor thereafter decided that persons who had accepted the trainee position, but who had certain additional qualifications, should be appointed to the Assistant I level. A letter from Creedmoor to petitioner informed him that he was selected for permanent appointment to the Assistant I level, effective March 28, 1974, subject to the approval of the Department of Civil Service. That department did not accept the appointment because of a defect in the original canvassing procedure and Creedmoor was ordered to recanvass the list of eligibles. Pending the recanvass, petitioner was permitted to remain in the Assistant I position as a temporary appointee. After the completion of the recanvass, petitioner received a notice from Creedmoor, dated July 22, 1974, stating: "Employee is appointed permanent Mental Hygiene Therapy Assistant I grade 11 * * * effective 4/11/74. We were successful in obtaining Civil Service approval to back date your permanent appointment effective 4/11/74. Probation has been extended from June 5, 1974 to be completed by October 10, 1974." By notice dated August 20, 1974, Creedmoor informed petitioner that he was being dismissed as of August 28, 1974. Petitioner was not given the procedural protections afforded permanent employees pursuant to section 75 of the Civil Service Law because Creedmoor considered him to be a probationary employee. Petitioner claims that he is entitled to the procedural safeguards because he became a permanent employee on June 5, 1974. Under the rules of the New York State Department of Civil Service (4 NYCRR 4.5 [a]), a probationary employee attains a permanent status eight weeks after his initial probationary appointment, unless he receives notice of an extension of his period of probation. Petitioner urges that because he failed to receive an extension notice prior to June 5, 1974, his April 11, 1974 temporary appointment blossomed into a permanent one on the former date. As an alternative basis for a hearing, petitioner contends that the failure to follow the procedures set forth in section 75 of the Civil Service Law was a violation of his due process rights because a serious stigma attached to his reputation by reason of the allegations surrounding his dismissal. Petitioner's contentions are without merit. The first argument fails because compliance with 4 NYCRR 4.5 (a) would have been an act of supererogation. It is conceded that the Department of Civil Service acted properly when it rejected petitioner's initial appointment on April 11, 1974; from then until July 22, 1974, the date petitioner's appoint-

ment was accepted, he was a temporary employee, a status recognized under section 64 of the Civil Service Law, and not a probationary employee. During this period, Creedmoor had no reason to send a notice to petitioner that his probationary period was being extended. The March 28, 1974 appointment had already been properly voided. Creedmoor had no way of foreseeing what the outcome of the recanvass would be, or that it would result in petitioner's reappointment on July 22, 1974. Creedmoor did not know it would be able to make the reappointment retroactive. Petitioner, therefore, became a probationary employee on July 22, 1974, not on April 11, 1974, and he was not entitled to the benefits of the procedures set forth in section 75 of the Civil Service Law when he was dismissed and prior to the expiration of his probationary period of service. Petitioner's second contention is also without merit. His employment card simply states that his employment was terminated during his probationary period. This is the only information which will be furnished to any prospective employer, governmental or otherwise. Petitioner's contention is also refuted by the fact that he is presently employed by Pilgrim State Hospital, a facility operated by the Department of Mental Hygiene, the same department of the State which operates Creedmoor. Rabin, Acting P. J., Martuscello, Latham, Margett and Shapiro, JJ., concur.