■ In the Matter of STEVE O. SABELLA, Appellant, v BENJAMIN J. MALCOLM, as Commissioner of the Department of Correction of the City of New York, et al., Respondents.—Judgment entered May 19, 1975, in the Supreme Court, New York County, unanimously affirmed, without costs and without disbursements to either party. Petitioner, an employee of the Department of Correction since 1961, was promoted to Captain on September 15, 1972. After taking a civil service promotion examination, petitioner was appointed a probationary Assistant Deputy Warden. A few days prior to the expiration of his probationary period, petitioner was informed that his position in the title was being terminated for the reason that he failed to meet the standards required and that as of May 25, 1974, he was to be restored to the title of Captain. In this article 78 proceeding, petitioner seeks to annul that determination and to be reinstated as Assistant Deputy Warden. He urges *inter alia* that his constitutional right to due process and to equal protection of the law was violated, as were his procedural and substantive rights. Petitioner further contends that the evaluation of his work performance was wholly improper and inadequate because the Warden who evaluated him was newly appointed and had not personally observed and supervised his work for the full probationary period and the Deputy Warden and Assistant Deputy Warden, who were consulted and also evaluated his performance, were competitors for the same position. Finally, petitioner complains that the memorandum of dismissal was written by the Assistant Director of Personnel and not by the Director and that this violated the rules of the Civil Service Commission. On this record it appears that petitioner was informed of his unsatisfactory work rating and that the assistant was acting on behalf of the Director of Personnel. (See *Matter of Going v Kennedy,* 5 AD2d 173, affd 5 NY2d 900; *Rosenberg v Wickham,* 36 AD2d 881). In addition, there is nothing to show bad faith or bias in the termination of petitioner's employment as Assistant Deputy Warden. On the contrary, the reasons stated provide evidence that the termination was neither arbitrary or capricious, nor done in bad faith. Moreover, we do not find any violation of petitioner's constitutional rights since, as a probationary employee, petitioner could be removed without a hearing *(Matter of King v Sapier,* 47 AD2d 114), nor was he deprived of any property without due process. Petitioner had tenure in the department as a Captain, but not as an Assistant Deputy Warden. Concur—Stevens, P. J., Kupferman, Silverman, Capozzoli and Nunez, JJ.