■ In the Matter of NICHOLAS MARLOW, Appellant, v JAMES TULLY, as Commissioner of the New York State Department of Taxation and Finance, Respondent.—Judgment, Supreme Court, New York County, dated March 10, 1980, granting article 78 petition to the extent of reinstating petitioner for one week, and otherwise granting the cross motion to dismiss the petition and dismissing the petition, is unanimously reversed, without costs, on the law, the cross motion to dismiss the petition is denied, and the matter is remanded to Special Term for further proceedings including answer by respondent. Appeal from order of Supreme Court, New York County, entered March 11, 1980, denying motion for reargument is dismissed as nonappealable, without costs. Motion by respondent to quash subpoena duces tecum returnable in this court is granted without costs. Petitioner, not an attorney, is prosecuting this case *pro se*. Despite certain ambiguities in the notice of appeal, we treat the notice of appeal as directed to the judgment of dismissal as well as denial of reargument. (See CPLR 5520, subd [c].) Petitioner's employment as a pari-mutuel examiner employed by the Department of Taxation and Finance was terminated in early October, 1979. If petitioner was still a probationary employee at that time, the termination would be valid. In large part because the Attorney-General has chosen to follow the unfor-

tunate hybrid practice of a motion to dismiss for failure to state a cause of action accompanied by affirmations giving additional facts to some extent contradicting the petition, the record does not enable us to determine whether petitioner was still a probationary employee at that time, or whether his employment had ripened into a permanent one. Pursuant to Rule 4.5 of the State Civil Service Rules (4 NYCRR 4.5) petitioner's original appointment was for a probationary term defined as a minimum period of probation of 8 weeks and a maximum of 26 weeks. The result of such an appointment is that at the expiration of the minimum period the appointment becomes permanent unless the probationer is given written notice that the probationary term will be continued. *(Matter of Albano v Kirby,* 36 NY2d 526, 533; *Matter of Matsa v Wallach,* 42 AD2d 1004, 1005.) So far as the record before us indicates, the notice of continuation of probationary period was given on or about July 25, 1979. This would be timely if, as respondent contends, petitioner was appointed on June 7, 1979. However, the petition alleges that petitioner was appointed on May 10, 1979, in which event the minimum probationary period had expired on or about July 5, 1979. Although respondent submitted an affirmation by a Deputy Assistant Attorney-General in support of the motion to dismiss, stating that petitioner was appointed on June 7, 1979, the memorandum of law in support of that cross motion stated: "For purposes of this motion to dismiss, the facts as stated in the petition are deemed to be true." In response to our request for supplemental briefs, the Attorney-General submitted additional documentation indicating that petitioner's May 10, 1979 appointment was temporary and that his permanent probationary appointment was June 7, 1979. But these documents, submitted for the first time in this court, are not properly part of the record before us, and petitioner has not had the opportunity to which he is entitled to submit any contradictory evidence at Special Term. On this motion to dismiss the petition before answer, we are bound by the allegations of the petition. Thus, for the purposes of respondent's cross motion to dismiss, we take as true petitioner's allegation that the original date of his appointment was May 10, 1979 (so that the minimum probationary period would have expired on July 5, 1979). If respondent wishes to contradict that allegation, he will have to submit an answer denying the allegation, presumably together with "affidavits or other written proof showing such evidentiary facts as shall entitle him to a trial of any issue of fact." (CPLR 7804, subd [e].) If respondent has conclusive documentary evidence that petitioner's probationary period had not expired at the time of termination, he may also submit such proof. We suggest that petitioner, who has appeared *pro se,* be represented by an attorney for future steps in this case. This will reduce the likelihood of wasteful legally inappropriate procedures as well as the risk of overlooking relevant points, if any, that might be favorable to petitioner. Concur—Ross, J. P., Markewich, Silverman, Bloom and Carro, JJ.