■ NICHOLAS MARLOW, Respondent, v JAMES TULLY, as Commissioner of the New York State Department of Taxation and Finance, Appellant. — Order of the Supreme Court, New York County (Bowman, J.), after Bench trial, entered May 17, 1983, which granted the CPLR article 78 petition reinstating petitioner to the position of pari-mutuel examiner, together with restoration of back salary and benefits, is unanimously reversed, on the law, without costs, and the petition dismissed. ¶ In this article 78 proceeding commenced in December, 1979, the petitioner alleged his appointment to the position of pari-mutuel examiner in the Taxation and Finance Department on May 10, 1979. He was subsequently terminated in October of 1979. Petitioner claims such termination was arbitrary and capricious. ¶ Special Term granted a cross motion by respondent to dismiss the petition (with the grant of one week's back pay to petitioner). This court reversed that order on December 9, 1980, stating that the record did not show whether petitioner was still a probationary employee at the time of his termination or whether his employment, by then, had ripened into a permanent one (*Matter of Marlow v Tully*, 79 AD2d 546). ¶ Pursuant to the State Civil Service Rules, petitioner's original appointment was probationary for a minimum period of 8 weeks and a maximum of 26 weeks. At the expiration of the minimum period such appointment becomes permanent unless the probationer is given written notice that the probationary term will be continued (*supra*, at p 547). On the previous appeal we noted that notice of continuation of the probationary period was given on or about July 25, 1979, and would be timely if petitioner had been appointed on June 7, 1979, as the respondent contended. However, if, as petitioner asserted, the appointment was made on May 10, 1979, the minimum probationary period would have expired on July 5, 1979, and his employment would have ripened into a permanent one, thereby rendering invalid his later termination as a probationer. ¶ We remanded to Special Term for further proceedings, in effect to ascertain whether the original date of appointment was May 10, 1979 or June 7, 1979. Although on remand respondent submitted documentary evidence that petitioner's probationary period had not expired at the time of his termination, Special Term did not decide the matter summarily but directed a trial to resolve that issue. ¶ After trial the court found that petitioner's appointment was intended to be permanent as of May 10, 1979, but because respondent had not timely provided petitioner with a form S-203 (submitted when a candidate claims veteran's credits on his original application), the appointment had to be deemed temporary pending receipt of the form. Since nothing else occurred between petitioner's appointment on May 10 until his termination on October 10, the court ruled that his appointment became permanent on May 10, 1979. This finding was erroneous. We therefore reverse and dismiss the petition (see *Society of N. Y. Hosp. v Burstein*, 22 AD2d 768). Petitioner's appointment effective May 10, 1979 was temporary and, as a matter of law, could not have ripened into a permanent appointment at the time of his termination (*Matter of Hilsenrad v Miller*, 284 NY 445, 451). ¶ Petitioner claimed veteran's credits on his application for the position of pari-mutuel examiner. Once nominated for appointment, each incumbent who claims veteran's credits must complete form S-203 "Disposition of Veteran's Credits" to indicate either use or waiver of the additional credits toward his examination score. The Rules of the Department of Civil Service specifically provide on the S-203 form that "no permanent or permanent contingent appointment of such eligible will be accepted by this Department in the absence of this waiver or acknowledgment of use." The testimony at trial clearly showed that any appointment submitted without a completed S-203 is automatically designated "temporary" pending receipt of the form. Petitioner's proposed appointment to a permanent probationary position was submitted to

the Personnel Bureau of the Department of Taxation without the required S-203. His appointment was therefore temporary until the form was received on or about May 29, 1979 and was thereupon accepted and approved by the Department of Civil Service. Petitioner's appointment became permanent, therefore, effective June 7, 1979 (see *Odenz v Director, Creedmoor Psychiatric Center,* 51 AD2d 584). ¶ The doctrine of estoppel as a general rule does not lie against a public body (see *Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 93). An essential element of equitable estoppel is that the party seeking its application was ignorant of the facts (*Matter of Endicott Johnson Corp. v Bade,* 42 AD2d 236, 239, mot for lv to app den 33 NY2d 518). Here, the original notice to petitioner was erroneous, but an error of an employee of respondent does not justify the application of the estoppel doctrine against respondent. Petitioner was apprised that no permanent appointment would be accepted in the absence of the Disposition of Veteran's Credits as early as May 22, 1979, the date petitioner signed the S-203 form. Moreover, while petitioner testified he received no notification, respondent testified that notice was sent to him in the normal course of business. ¶ The evidence adduced on the record demonstrates a failure on the part of petitioner to establish that he was a permanent employee at the time of his termination on October 10, 1979, and accordingly, such termination as a probationary employee, without a hearing, was lawful. Concur — Asch, J. P., Bloom, Fein and Alexander, JJ.