■ In the Matter of RICHARD MONTERO, Respondent, v JOHN C. LUM, as Director of the Harlem Valley Center Division for Youth, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the acting facility director for the Harlem Valley Center Division for Youth terminating petitioner's employment as a probationary youth division aide IV, the appeal is from a judgment of the Supreme Court, Dutchess County (Rosenblatt, J.), entered October 5, 1984, which granted the petition to the extent that petitioner was ordered reinstated, with benefits and back pay retroactive to January 6, 1984.

Judgment reversed, on the law, without costs or disbursements, determination confirmed, and proceeding dismissed on the merits.

Petitioner was appointed as a temporary, part-time employee on October 27, 1982, pending his qualification for a permanent position by successfully completing a physical examination. On November 8, 1982, his status was changed to a temporary full-time employee. After passing the physical examination, petitioner was accorded permanent status, effective January 13, 1983 and subject to a maximum probationary period of one year. Thereafter, on January 6, 1984, petitioner's services were terminated.

We reject petitioner's contention that his probationary period began on November 8, 1982, the date on which he was switched to temporary full-time status. His probationary period began, according to Division policy, on the date that he passed the physical examination and became a permanent employee (see, 4 NYCRR 4.5 [a] [1]). This occurred on January 13, 1983, and his previous temporary appointment could not

have ripened into a permanent appointment by that time *(see, Marlow v Tully,* 100 AD2d 786, *affd* 63 NY2d 918, *cert denied* — US —, 105 S Ct 2708). Therefore, as of the date of his termination, i.e., January 6, 1984, petitioner was a probationary employee and subject to discharge without a hearing and without a statement of reasons, in the absence of any demonstration that dismissal was for a constitutionally impermissible purpose or in violation of statutory or decisional law *(see, Matter of York v McGuire,* 63 NY2d 760, 761). No such demonstration has been made, and, upon review of the record, we find that petitioner's termination was not arbitrary or capricious *(see, Matter of Bonney v Dilworth,* 99 AD2d 468).

We have examined petitioner's remaining contention and find it to be without merit. O'Connor, J. P., Weinstein, Niehoff and Eiber, JJ., concur.