OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioner was a probationary police officer employed by the Police Department of the Village of Rockville Centre. His employment was terminated at the end of the probationary period, and he commenced this proceeding, claiming that the termination was violative of Mental Hygiene Law § 33.01 because the termination was allegedly predicated upon the fact that he had sought treatment for alcoholism. Special Term granted the petition after a hearing, but the Appellate Division unanimously reversed.
Mental Hygiene Law § 33.01 prohibits the termination of employment solely because an employee has sought and received treatment for alcoholism. It does not preclude consideration of any other illness which necessitated the hospitalization.
In this case, the Commissioner of Police was advised by a hospital record that petitioner’s "major problem appears to be his inability to deal with emotionally charged issues due to his obsessive compulsive natures”. This diagnosis shows that petitioner’s illness may affect his ability to properly discharge the duties of a police officer. Thus, the termination was not for a constitutionally or statutorily proscribed reason (cf. Matter of Miller v Ravitch, 60 NY2d 527).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed, with costs, in a memorandum.