In the Matter of EUGENE BONACCI, Respondent, v NATHAN QUINONES, as Chancellor of the New York City School District, et al., Appellants

The petitioner, while provisionally holding the title of

school custodian engineer with the New York City Board of Education, took a competitive examination for that position in April 1983. An eligible list of 50 names was established as of December 21, 1983, upon which he ranked ninth. On May 7, 1984, the petitioner was summoned to a hiring pool and appointed to a permanent position as a custodian at Public School 28. At that time the petitioner was among those appointed to the 30 vacancies then existing for that title. Thus, the petitioner's one-year probationary period pursuant to Education Law § 2509, 4 NYCRR 4.5 and New York City Department of Personnel Rules and Regulations 5.2.1 (a) began on May 7, 1984, and not upon the declaration of the eligible list, as the list was neither immediately exhausted nor inadequate *(see,* Civil Service Law § 65 [4]; *Matter of Becker v New York State Civ. Serv. Commn.,* 61 NY2d 252; *see also, Matter of Haynes v County of Chautauqua,* 55 NY2d 814). The petitioner's probationary period was also properly extended by the respondents pursuant to 4 NYCRR 4.5 (f) and New York City Department of Personnel Rules and Regulations 5.2.2 (b) by the number of work days he was absent from his job *(see, e.g., Matter of Boyle v Koch,* 114 AD2d 78; *Tomlinson v Ward,* 110 AD2d 537, *affd* 66 NY2d 771). Consequently, the petitioner's probationary period was extended to June 10, 1985, and the termination of his employment without notice of charges, a statement of reasons or a hearing pursuant to Civil Service Law § 75 was proper *(see, e.g., Matter of York v McGuire,* 63 NY2d 760). Inasmuch as the petition does not allege that the petitioner's dismissal was in bad faith, it is appropriate to dismiss the proceeding *(see, e.g., Matter of Lentlie v Egan,* 94 AD2d 839, *affd* 61 NY2d 874).

Further, the petitioner has not demonstrated an entitlement to a name-clearing hearing as there was no evidence of any public disclosure of any allegations affecting his good name or reputation *(see, e.g., Matter of Lentlie v Egan,* 61 NY2d 874; *Matter of Petix v Connelie,* 47 NY2d 457). Moreover, the petitioner failed to adduce facts sufficient to overcome the presumption of regularity with respect to his discharge *(see, e.g., Matter of Graff v Town of Darien,* 106 Misc 2d 104; Fisch, NY Evidence § 1134 [2d ed]). Mollen, P. J., Mangano, Niehoff and Weinstein, JJ., concur.