OPINION OF THE COURT
Norman C. Ryp, J.
This is a CPLR article 78 proceeding wherein petitioner seeks: (a) reinstatement as a tenured police officer for the New York City Transit Police Department (hereinafter TPD); (b) annulment of the determination by respondents terminating his employment; or, in the alternative, (c) an order granting petitioner a hearing to determine whether subject termination of employment was: (1) in violation of lawful procedure; (2) affected by an error of law; (3) arbitrary and capricious; (4) an abuse of discretion; and (5) reasonable and made in good faith.
*498 A. PACTS AND PROCEDURAL HISTORY
Petitioner was appointed to the position of probationary police officer for the TPD on July 8, 1985. It is conceded by all parties that such a probationary position only becomes permanent after 18 months’ probationary period. Petitioner’s original 18 months’ probationary term was scheduled to expire on January 8, 1987. However, pursuant to the City of New York Department of Personnel Rules and Regulations of the City Personnel Director (hereinafter Rules and Regs) under rule 5.2.8 (a), and upon written consent of petitioner, dated January 5, 1987, said original probationary 18 months’ term was first extended in writing for an additional 6 months, ending July 7, 1987, due to petitioner’s alleged unsatisfactory record. During this first extension, petitioner did not perform the regular duties of a police officer for the TPD due to sick leave and restricted duty (petitioner suffered a ruptured appendix), from March 20, 1987 until July 7, 1987, the end of that period aggregating a total of 109 days. Petitioner signed an additional consent form to a second extension, dated June 28, 1987. On October 9, 1987, a routine medical examination of petitioner as part of his probationary evaluation indicated that he was not medically qualified to become a tenured police officer due to diabetes. Thereafter, on October 19, 1987, petitioner received a notice of termination from TPD effective October 20, 1987.
B. PARTIES’ CONTENTIONS AND LEGAL ANALYSIS

1. Absolute Maximum. 24 Months’ Probationary Period

Petitioner’s first contention is that the Rules and Regs allow for a "maximum probationary period of twenty-four (24) months” ending July 7, 1987. Thus, petitioner contends he became a tenured police officer on July 8, 1987, and, therefore, cannot be dismissed without a hearing. Petitioner arrived at the "maximum” period by totaling the original 18 months’ probationary period plus Rules and Regs rule 5.2.8 (a)’s allowance of one 6-month extension thereof, upon written consent of probationer. Petitioner argues that any extension beyond this "maximum” 24-month period is illegal. This argument is meritless since petitioner fails to account for the language of Rules and Regs rule 5.2.8 (b) which provides: "(b) Notwithstanding the provisions of paragraphs 5.2.1, 5.2.2, and 5.2.8 (a), the probationary term is extended by the number of days when the probationer does not perform the duties of the *499 position, for example: limited duty status, annual leave, sick leave, leave without pay, or use of compensatory time earned in a different job title; provided, however, that the agency may terminate the employment of the probationer at any time during any such additional period. ” (Emphasis added.)
Thus, a probationer’s probationary term is extended for the amount of time he/she is unable to perform his/her duties. (See, Gutzeit v Sexton, NYLJ, May 10, 1988, at 12, col 1 [Sup Ct, NY County, IA Part 23, Pecora, J.]; Tomlinson v Ward, 110 AD2d 537, 538 [1st Dept 1985], affd 66 NY2d 771 [1985]; Matter of Bonacci v Quinones, 124 AD2d 659, 660 [2d Dept 1986].) Here, it is undisputed that petitioner was unable to perform his duties as a police officer as of March 20, 1987, and continuing thereafter for 109 days. Tacking this 109-day period onto petitioner’s already once-extended probationary term means that his probation period was not up until October 24, 1987 (July 7, 1987 plus 109 days). Since Rules and Regs rule 5.2.8 (b) has the force and effect of law (see, Gutzeit v Sexton, supra, at 12, col 1; Matter of Albano v Kirby, 36 NY2d 526, 529 [1975]), petitioner’s contention that this additional extension was illegal fails.
It is well-settled law in New York State that: "[t]he purpose of excluding from the probationary term periods during which a probationer is not at work performing his or her duties is not punitive, but rather is the same as that underlying a probationary term in the first instance. It is designed to enable the appointing officer to ascertain the fitness of the probationer and to give the probationer a reasonable opportunity to demonstrate the ability to perform the duties of the office” (see, Tomlinson v Ward, supra, at 538; Matter of Going v Kennedy, 5 AD2d 173, 178 [1st Dept 1958], affd 5 NY2d 900 [1959]). The probationary period should be measured by the number of days the probationer is actually working on the job. (See, Tomlinson v Ward, supra, at 538; Matter of Bonacci v Quinones, supra, at 660.) This proposition is made clear by rule 5.2.8 (b).

2. Agreement to the second extension is an illegal consent waiving the automatic Rules and Regs rule 5.2.8 (b) extension and tenuring petitioner into an evidentiary hearing.

Petitioner’s second argument appears to be an offshoot of *500 his first, since he argues that because respondents had petitioner sign his agreement to the second 109-day extension, such extension falls within Rules and Regs rule 5.2.8 (a) and, therefore, constitutes a waiver of the automatic extension found in Rules and Regs rule 5.2.8 (b). In defense, respondents counter that said second agreement to the extension is inconsequential, unnecessary under rule 5.2.8 (b) and merely a form of written notice to petitioner that his probationary term would end October 24, 1987. Respondents bolster this defense further in their memorandum of law, dated February 22, 1988, by pointing out that this so-called "estoppel” argument is meritless since estoppel does not lie against a public body. (See, Marlow v Tully, 100 AD2d 786, 787 [1st Dept 1984], affd 63 NY2d 918 [1984]; Matter of Hamptons Hosp. & Med. Center v Moore, 52 NY2d 88, 93 [1981].) In addition, even if estoppel were applicable an essential element of equitable estoppel is that the party seeking its application was ignorant of the facts, and the doctrine may not be involved where both parties possess the same knowledge and information. (See, Marlow v Tully, supra, at 787; Matter of Endicott Johnson Corp. v Bade, 42 AD2d 236, 239 [3d Dept 1973], lv denied 33 NY2d 518 [1973].) Here, petitioner does not claim ignorance of the Rules and Regs governing his probationary period.
A review of the extension form reveals that said form does not specify that it is exclusively a consent as found in rule 5.2.8 (a). In fact, neither rule 5.2.8 (a) nor 5.2.8 (b), nor the word "consent”, is mentioned therein.
Respondents contend that if anything, the TPD’s use of such extension form, to which petitioner agreed, was to notify petitioner of the 109-day extension, and is, at best, a minor administrative inconsistency by government employees and, thus, should be overlooked. Petitioner fails to show how the use of the second extension form prejudices him in any way, and, therefore, this court agrees that said form is a minor inconsistency and not illegal. (See, Matter of Going v Kennedy, supra, at 184; Matter of Sabella v Malcolm, 51 AD2d 529 [1st Dept 1976], lv denied 39 NY2d 709 [1976].) In addition, petitioner does not allege that his signature was obtained involuntarily, thus it appears he agreed knowingly and voluntarily to the 109-day extension. (See, Matter of Sepulveda v Long Is. State Park & Recreation Commn., 123 AD2d 703, 704 [2d Dept 1986].)
*501 C. CONCLUSION
Thus, this court determines, as a matter of fact and law, that the 109-day period petitioner was unable to perform his duties as a police officer is added to his period of probation and that respondents’ termination of petitioner on October 19, 1987, without a hearing, was lawful. (Matter of Talamo v Murphy, 38 NY2d 637, 639 [1976]; see also, Gutzeit v Sexton, NYLJ, May 10, 1988, at 12, col 1, supra; Matter of Frasier v Board of Educ., 71 NY2d 763 [1988].)
By reason of the foregoing, petitioner has not met his burden of showing bad faith herein. (See, Tomlinson v Ward, supra, 110 AD2d, at 538; Matter of Brennan v Ward, 134 AD2d 194, 196 [1st Dept 1987]; Matter of Frasier v Board of Educ., supra.) Petitioner’s termination was based upon a medical disqualification made in good faith (see, Matter of Going v Kennedy, supra, at 178), and therefore was not arbitrary or capricious. (See, John B. v Village of Rockville Centre, 113 AD2d 225, 234 [2d Dept 1985], affd 68 NY2d 682 [1986]; Matter of Velger v Williams, 118 AD2d 1037, 1039 [3d Dept 1986].)
Accordingly, the petitioner’s CPLR article 78 application is denied and his petition is dismissed.