■ In the Matter of SEAN GILLAN, Appellant, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents. [681 NYS2d 756] —In a proceeding pursuant to CPLR article 78 to review the respondents' disqualification of the petitioner's application to become a Nassau County Police Officer and to direct the respondents to find the petitioner immediately qualified for appointment as a Nassau County Police Officer, the petitioner appeals from (1) a judgment of the Supreme Court, Nassau County (Lockman, J.), dated February 28, 1996, which denied the petition and dismissed the proceeding, and (2) an order of the same court, dated December 17, 1997, which, upon renewal, adhered to its prior determination.

Ordered that the appeal from the judgment is dismissed, as it was superseded by the order made upon renewal; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

We reject the petitioner's contention that the Supreme Court erred in denying his petition without conducting a hearing (*see generally, Matter of Johnson v Katz,* 68 NY2d 649; *Matter of Bonacci v Quinones,* 124 AD2d 659). Furthermore, upon our review of the record, we find that the respondents' determination on the petitioner's application to become a Nassau County Police Officer was not arbitrary or capricious. Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.

■ In the Matter of STEPHEN HOWELL, Respondent, v SUSAN HOWELL, Appellant. [681 NYS2d 757] —In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Tolbert, J.), entered June 23, 1998, which granted permanent custody to the father.

Ordered that the order is affirmed, with costs.

Contrary to the mother's contention, there was a sound and substantial basis for the Family Court's determination (*see, Matter of Krebsbach v Gallagher,* 181 AD2d 363; *Gage v Gage,* 167 AD2d 332). Therefore, we decline to substitute our discretion for that of the Family Court.

The mother's remaining contentions are without merit. O'Brien, J. P., Pizzuto, Joy and Goldstein, JJ., concur.