■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, Respondent, v FREEPORT HOUSING AUTHORITY, Appellant. [975 NYS2d 79]—

In a proceeding pursuant to CPLR article 75 to compel arbitration, the Freeport Housing Authority appeals from an order of the Supreme Court, Nassau County (Sher, J.), dated December 19, 2011, which granted the petition and directed the parties to proceed to arbitration.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the petition of the Civil Service Employees Association (hereinafter the CSEA), made on behalf of one of its members, Cheryl Scott, to compel the

Freeport Housing Authority (hereinafter Freeport) to arbitrate an employment dispute. The CSEA contended that Freeport violated the parties' Collective Bargaining Agreement (hereinafter the CBA) which, inter alia, entitles a permanent employee to prior notice of termination of employment, an explanation for the termination of employment, and union representation at the time of termination of employment. The CBA also entitles the CSEA to grieve a permanent employee's termination of employment in an arbitration proceeding. Freeport contended that Scott was a probationary employee and thus, a condition precedent to arbitration was not met. However, we agree with the petitioner that Scott was a permanent employee entitled to the protections of the CBA (see Matter of Rosenbaum [American Sur. Co. of N.Y.], 11 NY2d 310 [1962]; cf. Matter of Nationwide Mut. Ins. Co. v Charles, 275 AD2d 324 [2000]; Matter of New York Plaza Bldg. Co. [Oppenheim, Appel, Dixon & Co.], 103 AD2d 203 [1984]). The probationary period under the CBA is between 8 weeks and 26 weeks, and a probationary appointment becomes permanent unless the probationer is given written notice that the probationary term will be continued (see 4 NYCRR 4.5 [b] [1] [v]; Marlow v Tully, 100 AD2d 786 [1984]; Bosco v County of Oneida, 106 Misc 2d 872 [Sup Ct, Oneida County1980], affd 79 AD2d 1092 [1981]). Both Scott and the CSEA President, John Shepherd, averred that Scott's probationary period lasted for 8 weeks and was not extended. They further averred that Scott was continuously employed by Freeport for a full year before her employment was terminated. Accordingly, the Supreme Court properly granted the petition and directed the parties to proceed to arbitration. Mastro, J.P., Leventhal, Lott and Roman, JJ., concur.