Matter of Meighan v Ponte (2018 NY Slip Op 05593)





Matter of Meighan v Ponte


2018 NY Slip Op 05593


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-10713
 (Index No. 9881/14)

[*1]In the Matter of Danielle Meighan, appellant,
v
Joseph Ponte, etc., et al., respondents. Martin Druyan, New York, NY, for appellant.


Zachary W. Carter, Corporation Counsel, New York, NY (Fay S. Ng and Ingrid R. Gustafson of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Department of Correction dated March 6, 2014, which terminated the petitioner's probationary employment as a correction officer, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Janice A. Taylor, J.), entered July 26, 2017. The order and judgment granted the respondents' motion pursuant to CPLR 7804(f) and 3211(a)(7) to dismiss the petition for failure to state a cause of action, and dismissed the petition.
ORDERED that the order and judgment is affirmed, with costs.
On April 26, 2012, the petitioner was appointed as a New York City Correction Officer, subject to a two-year probationary period. In a letter from Deputy Commissioner Alan Vengersky dated March 6, 2014, the petitioner's employment was terminated, effective March 7, 2014, prior to the expiration of the probationary period. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, to annul the determination terminating her probationary employment. The respondents moved pursuant to CPLR 7804(f) and 3211(a)(7) to dismiss the petition for failure to state a cause of action. The Supreme Court granted the respondents' motion and dismissed the petition. The petitioner appeals, and we affirm.
"A probationary employee may be dismissed for almost any reason, or for no reason at all'" (Matter of Marshall v Simon, 160 AD3d 648, 648, quoting Matter of Venes v Community School Bd. of Dist. 26, 43 NY2d 520, 525). More specifically, "[t]he employment of a probationary employee may be terminated without a hearing and without a statement of reasons in the absence of a demonstration that the termination was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law'" (Matter of Petkewicz v Allers, 137 AD3d 1045, 1046, quoting Matter of Lane v City of New York, 92 AD3d 786, 786). "Judicial review of the discharge of a probationary employee is limited to whether the determination was made in bad faith or for impermissible reasons" (Matter of Hirji v Chase, 151 AD3d 857, 857; see Matter of Petkewicz v Allers, 137 AD3d at 1046).
Here, the petitioner failed to adequately allege, and failed to demonstrate, that the termination of her employment during the probationary period was in bad faith, for a constitutionally [*2]impermissible or an illegal purpose, or in violation of statutory or decisional law (see Matter of Marshall v Simon, 160 AD3d at 648-649; Matter of Lane v City of New York, 92 AD3d at 786). The petitioner's contention that the termination letter dated March 6, 2014, was invalid because, inter alia, it was not signed by the Commissioner or Acting Commissioner, is without merit (see Matter of Petkewicz v Allers, 137 AD3d at 1046; Matter of Sabella v Malcolm, 51 AD2d 529).
Accordingly, we agree with the Supreme Court's determination to grant the respondents' motion pursuant to CPLR 7804(f) and CPLR 3211(a)(7) to dismiss the petition for failure to state a cause of action.
MASTRO, J.P., DILLON, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court